1   Amanda L. Groves (SBN:  187216)
    agroves@winston.com
2   Sean D. Meenan (SBN:  260466)
    smeenan@winston.com
3   Luciona Johnson (admitted *pro hac vice*)
    WINSTON & STRAWN LLP
4   101 California Street
    San Francisco, CA  94111-5802
5   Telephone:     (415) 591-1000
    Facsimile:      (415) 591-1400
6
    Attorneys for Defendant
7   COSTCO WHOLESALE CORPORATION

8
                    **UNITED STATES DISTRICT COURT**
9
              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
10
                          **SAN JOSE DIVISION**
11

12

| | |
|---|---|
| KAREN THOMAS and LISA LIDDLE, individually and on behalf of all others similarly situated, | **Case No. 5:12-CV-02908-BLF-PSG** |
| Plaintiffs, | **DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF MOTION AND MOTION TO STRIKE AND DISMISS THE THIRD AMENDED COMPLAINT, OR IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| COSTCO WHOLESALE CORPORATION, | |
| Defendant. | |
| | Hearing Date:    August 14, 2014 |
| | Time:            9:00 a.m. |
| | Courtroom:       3, 5th floor, San Jose |
| | Judge:           Hon. Beth Labson Freeman |
| | Complaint Filed:  June 5, 2012 |

*(Left margin, vertical text)* Winston & Strawn LLP / 101 California Street / San Francisco, CA 94111-5802

**NOTICE OF MOTION AND MOTION**

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 14, 2014 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 3, 5th Floor of this Court, located at 280 South 1st Street, San Jose, California 95113, Defendant Costco Wholesale Corporation ("Costco") will, and hereby does, move this Court for an order dismissing with prejudice the below claims in the Third Amended Class Action and Representative Action Complaint for Damages, Equitable and Injunctive Relief ("TAC") (Dkt. 84) of Plaintiff Lisa Liddle, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on the following grounds:

(1) Plaintiff's new claims, for negligent misrepresentation and breach of warranty, are beyond the scope of the Court's order granting leave to amend;

(2) Plaintiff's claim for breach of the implied warranty of merchantability fails because Plaintiff has not alleged that any of the products "lack even the most basic degree of fitness for ordinary use," as required to state a claim;

(3) Plaintiff's claim for negligent misrepresentation fails because it must be based on affirmative representations, but instead Plaintiff's claim is grounded solely on an alleged failure to disclose; and

(4) Plaintiff's claims relating to evaporated cane juice ("ECJ") do not address the deficiencies outlined in the Court's Order Granting in Part and Denying in Part Defendant's Motion to Dismiss [the Second Amended Complaint] ("Order") (Dkt. 83), or alternatively should be stayed or dismissed on primary jurisdiction grounds.

Costco further moves, pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure to dismiss, or in the alternative, for partial summary judgment, on the basis that the safe harbor provisions of the FDCA and Sherman Law prohibit Plaintiff's claims relating to products for which Costco received vendor guarantees regarding quality and compliance.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1

COSTCO'S MOTION TO STRIKE AND DISMISS, OR IN THE ALTERNATIVE,
FOR PARTIAL SUMMARY JUDGMENT
Case No. 5:12-CV-02908-BLF-PSG

Additionally, pursuant to Rule 12(f)(1) of the Federal Rules of Civil Procedure, Costco moves to strike as immaterial and impertinent the allegations relating to the "misbranding facet" of the complaint as well as allegations of reliance based on assertions that the disputed products are illegal to possess and/or legally worthless (as illustrated in Exhibit A), on the basis that the Court already rejected these allegations in the Order.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support of the Motion filed concurrently herewith, the Declarations of Maura Gibson, David Tran and Troy Kozen, the record in this action, and any evidence and argument that may be presented at or before the hearing.

Dated:  May 16, 2014                    WINSTON & STRAWN LLP

                                        By:   /s/ Amanda L. Groves
                                              Amanda L. Groves
                                              Attorneys for Defendant
                                              COSTCO WHOLESALE CORPORATION

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5802

**TABLE OF CONTENTS**

Page

I.     SUMMARY OF ARGUMENT ...................................................................................1

II.    STATEMENT OF ISSUES .......................................................................................2

III.   PROCEDURAL BACKGROUND..............................................................................2

IV.    ARGUMENT ............................................................................................................4

       A.    Plaintiff's New Claims – Filed Without Court Permission – Should be
             Dismissed...........................................................................................................4

             1.    Plaintiff's Implied Warranty of Merchantability and Negligent
                   Misrepresentation Claims are Improper Because They are Beyond the
                   Scope of the Order. ...................................................................................4

             2.    The New Claims Are Substantively Meritless in Any Event. .....................5

       B.    The Court Should Consider and Grant Costco's Safe Harbor Defense to
             Plaintiff's Claims Relating to Six of the Eight Products at Issue. .......................6

             1.    The FDCA and Sherman Law Provide Safe Harbor to Dealers with
                   Vendor Guarantees Regarding Quality and Compliance..............................7

             2.    Costco Received Guarantees for the Majority of Products-at-Issue,
                   Affording Costco Safe Harbor under the FDCA and Sherman Law. ..............8

             3.    The Safe Harbor Mandates Dismissal of Plaintiff's Claims Relating to
                   the Guaranteed Products. .........................................................................10

       C.    Plaintiff's Rejected Theories – Inexplicably Reasserted in the TAC – Should
             be Stricken. ......................................................................................................11

       D.    Even if the Vendor Guarantee Were Not Dispositive, Plaintiff's Claims
             Regarding the Chocolate Milk Product Should Be Dismissed. ..........................12

             1.    Plaintiff's Evaporated Cane Juice Claim Fails Based on The Court's
                   Previous Ruling........................................................................................12

             2.    As in *Kane* and *Avoy*, Both Cited in the Order, Plaintiff's Claims
                   Should Be Dismissed on the Merits and With Prejudice. ...........................14

             3.    Alternatively, Plaintiff's ECJ Claim Should Be Dismissed or Stayed In
                   Light of the FDA's March 5, 2014 Request for Comment. .........................16

V.     CONCLUSION.......................................................................................................18

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Am. Suzuki Motor Corp. v. Super. Ct.*,
    37 Cal. App. 4th 129 (1995) ...................................................................................5

*Avoy v. Turtle Mountain*,
    No. 13-CV-0236-LHK, 2014 WL 587173 (N.D. Cal. Feb. 14, 2014)........................... passim

*Birdsong v. Apple, Inc.*,
    590 F.3d 955 (9th Cir. 2009) ...................................................................................5

*Booth v. United States*,
    2007 WL 2462158 (E.D. Cal. 2007)............................................................................5

*Byrum v. Brand*,
    219 Cal. App. 3d 926 (1990) ....................................................................................6

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
    20 Cal. 4th 163 (1999) ......................................................................................10, 11

*Clark v. Time Warner Cable*,
    523 F.3d 1110 (9th Cir. 2008) .................................................................................17

*Fantasy, Inc. v. Fogerty*,
    984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)........................12

*Figy v. Amy's Kitchen*,
    No. C 13-03816-SI, 2014 WL 1379915 (N.D. Cal. Apr. 9, 2014) ..........................17

*Figy v. Lifeway Foods, Inc.*,
    No. 13-CV-04828, 2014 WL 1779251 (N.D. Cal. May 5, 2014)............................17

*Gengler v. U.S. ex rel. Dep't of Def. & Navy*,
    463 F. Supp. 2d 1085 (E.D. Cal. 2006)......................................................................4

*Glaser, Kohn & Co. v. United States*,
    224 F. 84 (7th Cir. 1915) .........................................................................................7

*Greenfield v. Yucatan*,
    No. 13-21610, 2014 WL 1891140 (S.D. Fla. May 7, 2014).....................................17

*Hamilton Materials Inc. v. Dow Chem. Corp.*,
    494 F.3d 1203 (9th Cir. 2007) ..................................................................................7

*Hobby Industry Association v. Younger*,
    101 Cal. App. 3d 358 (1980) ...................................................................................10

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

ii

COSTCO'S MOTION TO STRIKE AND DISMISS, OR IN THE ALTERNATIVE,
FOR PARTIAL SUMMARY JUDGMENT
Case No. 5:12-CV-02908-BLF-PSG

*Hood v. Wholesoy & Co, Modesto Wholesoy Co. LLC*,
  12-CV-5550-YGR, 2013 WL 3553979 (N.D. Cal. Jul. 12, 2013)..........................................17

*Hoover v. Blue Cross & Blue Shield*,
  855 F.2d 1538 (11th Cir. 1988) ...........................................................................................5

*Ivie v. Kraft Foods Global, Inc*.,
  C-12-02554-RMW, 2013 WL 685372 (N.D. Cal. Feb. 25, 2013)..........................................17

*Kane v. Chobani*,
  No. 12-CV-02425-LHK, 2013 WL 5289253 (N.D. Cal., Sept. 19, 2013)..............3, 12, 13, 14

*Kane v. Chobani*,
  No. 12-CV-02425-LHK, 2014 WL 657300 (N.D. Cal. Feb. 20, 2014)......................14, 15, 16

*Lam v. Gen. Mills, Inc.*,
  859 F. Supp. 2d 1097 (N.D. Cal. 2012) ................................................................................6

*Lopez v. Nissan N. Am., Inc.*,
  201 Cal. App. 4th 572 (2011) ...........................................................................................6, 11

*Mitsui O.S.K. Lines, Ltd. v. SeaMaster Logistics, Inc.*,
  913 F. Supp. 2d 780 (N.D. Cal. 2012) ..................................................................................6

*Reese v. Odwalla, Inc.*,
  No. 13-CV-947 YGR, 2014 WL 1244940 (N.D. Cal. Mar. 25, 2014) ..................................17

*Rubin v. Green*,
  4 Cal. 4th 1187 (1993) ......................................................................................................10

*Rubinstein v. PTPN, Inc.*,
  148 Cal. App. 4th 1130 (2007) ............................................................................................11

*Swearingen v. Santa Cruz Nat. Inc.*,
  No. C 13-04291 SI, 2014 WL 1339775 (N.D. Cal. Apr. 2, 2014)..........................................17

*U.S. ex rel. Mathews v. Healthsouth Corp.*,
  332 F.3d 293 (5th Cir. 2003) ...............................................................................................5

*Viggiano v. Hansen Natural Corp.*,
  944 F. Supp. 2d 877 (C.D. Cal. 2013) ..................................................................................6

*Yufa v. TSI Inc.*,
  2012 WL 5818291 (N.D. Cal. Nov. 15, 2012) ......................................................................5

**STATUTES**

21 U.S.C. § 333(c)(2).........................................................................................................8, 9

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Cal. Bus. & Prof. Code §§ 12601-12615.5 ("FLPA") ...................................................................10

Cal. Health & Safety Code § 110245 .....................................................................................8, 9

Cal. Health & Safety Code § 110280 .....................................................................................8, 9

**OTHER AUTHORITIES**

5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (1990) ...........12

Fed. R. Civ. P. 9(b) ....................................................................................................................3

Fed. R. Civ. P. 12(d) ..................................................................................................................7

Fed. R. Civ. P. 12(f)(1) .............................................................................................................12

*Guidance for Industry – Ingredients Declared as Evaporated Cane Juice* (Oct. 2009),
     *available at* 2009 WL 3288507 ..........................................................................................16

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5802

iv

## MEMORANDUM OF POINTS & AUTHORITIES

### I.    SUMMARY OF ARGUMENT

This Court previously found that Plaintiff's allegations could not support her causes of action and failed to state a claim.  Specifically, the Court's March 13, 2014 Order ("Order") held that all of Plaintiff's claims require actual reliance by Plaintiff, and rejected her assertions that alleged FDA regulation violations amounted to "per se" consumer fraud.  The Court eliminated an entire product and plaintiff Thomas from the suit, with prejudice.  And the Court dismissed Plaintiff's evaporated cane juice ("ECJ") claims related to the chocolate milk product, finding the label clearly showed how much sugar the product contained, and (as in other similar cases) that Plaintiff failed to allege what she and the class believed ECJ to be, if not sugar.  The Court, however, provided Plaintiff an opportunity to file a third amended complaint to amend her ECJ claim.

Plaintiff filed her Third Amended Complaint ("TAC").  However, in contravention of this Court's ruling, she re-alleged her rejected "per se" and "illegal" claims and expanded the lawsuit by adding unauthorized and baseless negligent misrepresentation and implied warranty claims. Instead of narrowing the dispute, the new complaint mushroomed from 60 to 81 pages, with a whopping 100 new paragraphs and seventeen pages, chronicling website finds about "added sugar."  Ironically, for all its new bulk, the TAC fails to address the actual ECJ issues set forth in the Order. Costco respectfully requests that this Court strike and dismiss, this time with prejudice, the claims previously dismissed.

Costco also requests that this Court consider matters outside the pleadings to resolve a discrete legal question that significantly narrows the scope of Plaintiff's case.  The attachments to this motion indisputably show that vendors for six of the eight products-at-issue provided written guarantees of their products' compliance with the relevant regulations.  Both the FDCA and the Sherman Law afford "safe harbor" to dealers in possession of such guarantees, and the California Supreme Court has expressly held that plaintiffs cannot use unfair competition laws to assert claims against defendants who are protected by such safe harbors.  Costco respectfully requests this Court exercise its discretion under Rule 12(d) to consider this evidence, and narrow this case to claims

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

resting on *actual reliance* (as required by the Order) for the two products without the dispositive guarantees: the cooking spray and blueberries.  The Parties can then, finally, move forward with class certification and summary judgment and bring this case to resolution.

## II.   STATEMENT OF ISSUES

1.   Whether Plaintiff's new claims for negligent misrepresentation and breach of warranty should be dismissed because they are beyond the scope of the Court's order granting leave to amend.

2.   Whether Plaintiff's claim for negligent misrepresentation – which is based solely on an alleged failure to disclose – should be dismissed because such a claim must be based on affirmative representations, not omissions.

3.   Whether Plaintiff's claim for breach of the implied warranty of merchantability should be dismissed because Plaintiff has not and cannot allege that any of the products "lack even the most basic degree of fitness for ordinary use."

2.   Whether this Court should strike allegations that were already rejected in the Court's Order Granting in Part and Denying in Part Defendant' Motion to Dismiss [the Second Amended Complaint] (Dkt. 83).

4.   Whether Plaintiff's ECJ claim, which is premised upon the same theories of reliance already rejected by this Court, should be dismissed for failure to correct the deficiencies identified in the Order; or, alternatively, stayed or dismissed on primary jurisdiction grounds.

5.   Whether the Safe Harbor Provisions of the FDCA and Sherman Law Prohibit Plaintiff's claims relating to products for which Costco received vendor guarantees regarding quality and compliance.

## III.   PROCEDURAL BACKGROUND

On June 5, 2012, Plaintiff Karen Thomas filed this action against Costco, asserting claims relating to a single representation on a single product.  (Dkt. 1.)  Costco moved to dismiss the complaint on a number of grounds.  (Dkt. 13.)  Rather than opposing the motion, Plaintiff filed an amended complaint, adding Lisa Liddle as an additional plaintiff and asserting additional claims

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5802

relating to a variety of representations on nine separate products. (Dkt. 24.) The Amended Complaint included causes of action under the UCL, FAL, and CLRA, as well as claims for breach of warranty under the Magnuson-Moss Warranty Act and Song-Beverly Act, and a claim for restitution based on unjust enrichment. (*Id.*) Costco responded with another motion to dismiss. (Dkt. 40.)

On April 9, 2013, this Court granted Defendant's Motion to Dismiss the First Amended Complaint on the following grounds: (1) Plaintiff Thomas lacked standing to assert her claims, (2) Plaintiffs failed to state a claim for breach of warranty under the Magnuson-Moss Warranty Act or the Song-Beverly Act; and (3) Plaintiffs failed to sufficiently plead their remainder of their claims under the pleading standards of Rule 9(b). (Dkt. 58.) The Court dismissed the warranty claims with prejudice, but granted Plaintiffs leave to amend the rest of their claims. (*Id.*)

On April 24, 2013, Plaintiffs filed the Second Amended Complaint, which included claims relating to thirteen representations on nine separate products and, once again, Costco filed a motion to dismiss. (Dkt. 60, 70.) On March 31, 2014, this Court issued an Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (the "Order"). (Dkt. 83.) The Order held that Ms. Thomas had failed to correct the deficiencies identified in the Court's previous order and thus, dismissed her claims with prejudice. The Court also expressly rejected Plaintiffs' contention that reliance is not a necessary element under the unlawful prong of the UCL, explaining instead that "the actual reliance requirement applies to Plaintiffs' claims under all prongs of the UCL." (*Id.* at 8:17-18.) And the Court further rejected Plaintiffs' propositions "that no showing of reliance is required where a defendant sells a product that is illegal to sell," and/or "that even if reliance is required, reliance has been adequately pled because Plaintiffs relied on Defendant not to sell them illegal products. (i.e. products misbranded under the law)." (*Id.* at 12:8-13:8.) Finally, the Court dismissed Plaintiff Liddle's ECJ claims on the following grounds:

> Like the plaintiff in *Avoy*, Plaintiff Liddle included the label of the purchased product, which lists "sugar" as an included nutrient and clearly show how much sugar is contained in the product. As in *Chobani*, Plaintiff Liddle indicates in the SAC that she knows that ECJ is the same as "sugar" and "dried cane syrup." Further, the SAC fails to allege what Plaintiff Liddle believed ECJ to be if not sugar and does not explain what a reasonable person would believe ECJ to be.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

3

1    (Order at 15:20-24.)  The court granted leave to amend "Plaintiff Liddle's claim regarding

2    evaporated cane juice," but declined to address the primary jurisdiction defense in light of the

3    dismissal.  (Order at 17:3-4.)

4            On April 15, 2014, Plaintiff Liddle filed the Third Amended Complaint ("TAC").  (Dkt. 84.)

5    Despite the fact that the Court granted leave to amend only "Plaintiff Liddle's claim regarding

6    evaporated cane juice" (Order at 17:3-4), the TAC asserts two brand new causes of action – for

7    negligent misrepresentation and breach of the implied warranty of merchantability – that relate to

8    each of the representations-at-issue in this action.  (TAC ¶¶ 340-353.)  Similarly, despite this Court's

9    express holdings that "the actual reliance requirement applies to Plaintiffs' claims under all prongs

10   of the UCL" (Order at 8:17-18), and that allegations of illegality due to misbranding are insufficient

11   to satisfy this requirement (*id.* at 12:8-13:8), the TAC opens by boldly reasserting the rejected

12   theories of the Second Amended Complaint:

13           This 'misbranding' – standing alone without any allegations of deception by Defendant or
             review of or reliance on the labels by Plaintiff – give rise to Plaintiff's first cause of action
14           under the UCL. To state a claim under the unlawful prong, Plaintiff needs only allege that
             she would not have purchased the product had she known it was misbranded because she
15           would have a product that is illegal to own or possess.

16   (TAC ¶3.)  Finally, with respect to the ECJ claims, the TAC includes six times the number of ECJ

17   paragraphs (mostly website quotes), but fails to address the deficiencies that merited dismissal of the

18   Second Amended Complaint.

19   **IV.    ARGUMENT**

20         **A.    Plaintiff's New Claims – Filed Without Court Permission – Should be Dismissed.**

21              **1.    Plaintiff's Implied Warranty of Merchantability and Negligent
                        Misrepresentation Claims are Improper Because They are Beyond the
22                      Scope of the Order.**

23           Plaintiffs have improperly added claims for implied warranty of merchantability and

24   negligent misrepresentation *without* the permission of the Court or stipulation from Costco.  If an

25   amended pleading cannot be made as of right and is filed without leave of court or consent of the

26   opposing party, the amended pleading is a nullity and without legal effect.  *Gengler v. U.S. ex rel.*

27   *Dep't of Def. & Navy*, 463 F. Supp. 2d 1085, 1093 (E.D. Cal. 2006) (striking the second and third

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

amended pleadings as unauthorized) citing *U.S. ex rel. Mathews v. Healthsouth Corp.,* 332 F.3d 293, 295 (5th Cir. 2003); *Booth v. United States*, 2007 WL 2462158 at *1 (E.D. Cal. 2007) (same).

Specifically, when an amended complaint improperly contains new matters or claims, the amendments are without legal effect and the new matters should not be considered. *See Hoover v. Blue Cross & Blue Shield*, 855 F.2d 1538, 1544 (11th Cir. 1988) *overruled on other grounds* (upholding District Court's decision to disregard additional claims in amended complaint because they could not be made as of legal right and the additions were made without leave of court or defendant's consent)*; Yufa v. TSI Inc.,* 2012 WL 5818291 (N.D. Cal. Nov. 15, 2012) (dismissing with prejudice newly added claim where plaintiff did not seek leave to add a new cause of action). Here, Plaintiff did not request leave to add a new cause of action. This Court has not granted leave for Plaintiffs to add their Seventh or Eighth Causes of Action, nor has Costco consented to such an amendment. *See generally* the Order. On the contrary, the Order *narrowed* the scope of what Plaintiff could seek. Plaintiffs' attempt to circumvent that Order and add more complexity to the case is improper, and the unauthorized claims should be dismissed, as in *Yufa* and *Hoover*, with prejudice.

## 2. The New Claims Are Substantively Meritless in Any Event.

### a. Plaintiff Fails To State A Claim for Implied Warranty of Merchantability.

Even assuming that Plaintiff could have added an implied warranty of merchantability, it is meritless. "[T]he implied warranty does not require that goods fulfill a buyer's expectation; it only provides for a minimum level of quality." *Am. Suzuki Motor Corp. v. Super. Ct.*, 37 Cal. App. 4th 1291,1295 (1995). Thus, as the Ninth Circuit has explained, the implied warranty of merchantability is breached only where defendant's product "lacks even the most basic degree of fitness for ordinary use." *Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 (9th Cir. 2009).

Here, Plaintiff fails to allege that the products "lack even the most basic degree of fitness for ordinary use." *Birdsong*, 590 F.3d at 958. Indeed, Plaintiff fails to allege any flaw or defect in the products themselves, but rather rests on the dubious allegation, rejected in the Order, that purported

5

COSTCO'S MOTION TO STRIKE AND DISMISS, OR IN THE ALTERNATIVE,
FOR PARTIAL SUMMARY JUDGMENT
Case No. 5:12-CV-02908-BLF-PSG

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

misbranding somehow render the products "illegal and unsellable."  (TAC ¶¶ 345, 346, 349.)
Plaintiff does not and cannot allege that the Costco Products were undrinkable, inedible, or
otherwise harmful.  Accordingly, her claim should be dismissed.  *See Viggiano v. Hansen Natural
Corp.*, 944 F. Supp. 2d 877, 896-97 (C.D. Cal. 2013) (implied warranty of merchantability claim
dismissed where plaintiff failed to allege any facts suggesting that the soda is not merchantable or fit
for use as a diet soft drink; "he has not, for example, alleged that the beverage was not drinkable,
that it was contaminated or contained foreign objects."); *Lam v. Gen. Mills, Inc.*, 859 F. Supp. 2d
1097, 1106 (N.D. Cal. 2012) (dismissing implied warranty claims with prejudice for failure to allege
fruit snacks were not proper or safe for consumption as food).

          **b.**      **Plaintiff Fails To State A Claim for Negligent Misrepresentation.**

Not only should Plaintiff's negligent misrepresentation claim be dismissed as procedurally
improper, it fails on the merits.  Plaintiff bases the claim on her  allegation that Costco failed to
disclose that the Products were misbranded.  (TAC ¶ 352.)  In California, it is black letter law that in
order for a party to be liable for negligent misrepresentation, it must have made an affirmative
statement.  *See Mitsui O.S.K. Lines, Ltd. v. SeaMaster Logistics, Inc.*, 913 F. Supp. 2d 780, 789
(N.D. Cal. 2012) ("a negligent misrepresentation claim requires a positive assertion, and hence
omissions—that is, nondisclosures—cannot give rise to liability for negligent misrepresentation.")
(internal quotations omitted); *accord Lopez v. Nissan N. Am., Inc.*, 201 Cal. App. 4th 572, 596
(2011) (same); *Byrum v. Brand*, 219 Cal. App. 3d 926, 941-42 (1990) (The tort of negligent
misrepresentation requires "something more than an omission.").  As Costco may not be liable for
negligent misrepresentation based on an omission, Plaintiffs' claim for negligent misrepresentation
should be dismissed with prejudice.

      **B.**      **The Court Should Consider and Grant Costco's Safe Harbor Defense to
Plaintiff's Claims Relating to Six of the Eight Products at Issue.**

In June 2012, Plaintiff Karen Thomas commenced this action against Costco, asserting
claims relating to a single representation on a single product label.  In the nearly two years that have
since passed, Plaintiff Thomas's claims have been dismissed, Plaintiff Lisa Liddle has joined the
action, Plaintiff(s) have amended their complaint three times, and Costco is now responding to a

1   354-paragraph complaint asserting claims relating to ten representations on eight separate product

2   labels.  Rule 12(d) grants the Court discretion to consider matters outside the pleadings on a motion

3   to dismiss and convert the motion to one for summary judgment. [1]  Costco submits this is precisely

4   the type of case where such discretion is appropriate.  Granting summary judgment on this discrete

5   issue of law -- whether Costco's written vendor guarantees satisfy statutory safe harbor requirements

6   -- would narrow this case to two representations on two products.  Costco respectfully requests the

7   Court consider the submitted evidence and grant partial summary judgment on the claims relating to

8   the other six products.

9              1.     The FDCA and Sherman Law Provide Safe Harbor to Dealers with
                      Vendor Guarantees Regarding Quality and Compliance.

10

11          The Sherman Law and the FDCA both provide safe-harbor immunity to retailers who have

12   received guarantees from vendors that their products comply with the statutes' relevant regulations.

13   The policy behind these safe-harbor provisions is to ensure that responsibility is properly placed on

14   the entities best positioned to determine whether product labels accurately represent the content of

15   the foods:  "As between a dealer, to whom the purity of the goods is guaranteed, and the

16   manufacturer, who has the better opportunity of ascertaining the facts, the act aims to throw the

17   ultimate responsibility on the latter, and it should therefore be interpreted, if reasonably possible, so

18   as to carry out this purpose to the fullest extent."  *Glaser, Kohn & Co. v. United States*, 224 F. 84, 87

19   (7th Cir. 1915) (interpreting 1906 Pure Food Law of the United States, which formed the foundation

20   for the dealer immunity provisions of the FDCA and Sherman Law).

21          Specifically, the FDCA provides dealer immunity to retailers who "establish[] a guaranty or

22   undertaking signed by, and containing the name and address of, the person residing in the United

23   States from whom he received in good faith the [food] to the effect . . . that such [food] is not

24   adulterated or misbranded, within the meaning of [the FDCA], or to the effect . . . that such article is

---

25   [1] Fed. R. Civ. P. 12(d) (If, on a motion under Rule 12(b)(6), "matters outside the pleadings are
26   presented to and not excluded by the court, the motion must be treated as one for summary judgment
     under Rule 56."); *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007)
     ("Federal Rule of Civil Procedure 12(b)(6) specifically gives courts the discretion to accept and
27   consider extrinsic materials offered in connection with these motions, and to convert the motion to
     one for summary judgment when a party has notice that the district court may look beyond the
28   pleadings.")

7

COSTCO'S MOTION TO STRIKE AND DISMISS, OR IN THE ALTERNATIVE,
FOR PARTIAL SUMMARY JUDGMENT
Case No. 5:12-CV-02908-BLF-PSG

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

not an article which may not, under the provisions of [the FDCA], be introduced into interstate commerce." 21 U.S.C. § 333(c)(2).  Similarly, the Sherman Law provides for dealer immunity as follows:

> No dealer shall be prosecuted under this part for a violation concerning any food, drug, device, or cosmetic that is contained in an original, unbroken, and undamaged package that bears the original labeling if all of the following requirements are satisfied:
>
> (a) He or she has used reasonable care in the storage and handling of the food, drug, device, or cosmetic.
>
> (b) He or she received the food, drug, device, or cosmetic in the usual channels of trade as first-class merchantable stock and not as seconds or damaged articles or job lots purchased under conditions that indicate that the food, drug, device, or cosmetic was not usual first-class merchandise.
>
> (c) He or she can produce a guarantee to the effect that the food, drug, device, or cosmetic is not adulterated, misbranded, or falsely advertised, within the meaning of this part, or that it is not a food, drug, device, or cosmetic which, pursuant to this part, may not be sold or offered for sale in this state.

Cal. Health & Safety Code § 110245.  The Sherman Law further provides, "[i]f the guarantee is to the effect that the food . . . is not in violation within the meaning of the federal act, it shall be sufficient for purposes of [the Sherman Law], and shall have the same force and effect as though it referred to [the Sherman Law] . . . ."  Cal. Health & Safety Code § 110280.

### 2.    Costco Received Guarantees for the Majority of Products-at-Issue, Affording Costco Safe Harbor under the FDCA and Sherman Law.

Costco is entitled to safe harbor under both the FDCA and Sherman Law, based upon guarantees it received from the manufacturers and/or wholesalers (the "Guaranteeing Vendors") for the following six products:  Kirkland Signature Cashew Clusters with Almonds and Pumpkin Seeds, Kirkland Signature Organic Reduced Fat Milk, Kirkland Signature Newman's Own 100% Grape Juice, Kirkland Signature Real Sliced Fruit – Fuji Apple, Strawberry, Banana, Fuji Apple with Cinnamon, Kirkland Signature Bolthouse Farms Organic 100% Carrot Juice, and Kirkland Signature Ancient Grains Granola with Almonds (the "Guaranteed Products").  Each Guaranteeing Vendor guaranteed that its sales and deliveries of the relevant products would be covered by Costco

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

8

Wholesale Private Label Standard Terms (the "Standard Terms").  (Gibson Decl. ¶¶4-5, ¶¶11-12, Exs A-D; Kozen Decl. ¶¶3-4, ¶¶10-11, ¶¶19-20, Exs. A-G; Tran Decl. ¶¶3-4, Exs. A and B.)

Through the Standard Terms, each Guaranteeing Vendor held itself out as "an expert in the production of the Products it will produce" (Standard Terms § 9.1(b)(f)), and in that capacity, "represent[ed] and warrant[ed]" as follows:

> Each Product conforms and will conform strictly to all applicable federal, state, provincial, territorial and local laws, treaties, regulations, governmental requirements and industry standards applicable to the Product and its production, shipment and sale in the United States . . .. ("legal requirements")  (*Id.* § 9.1(b)(ii))

> Each Product is and will be in compliance with all legal requirements (*Id.* § 9.1(b)(iii)) "Each Product is and will be manufactured, processed, labeled, packaged . . . shipped and sold in compliance with all legal requirements, including by way of example all legal requirements relating to . . . labeling . . . [and] all FDA . . . regulations.  (*Id.* § 9.1(b)(iv))

> All claims about the Product on the Labels and Packaging are substantiated, and none of the Products, Labels or Packaging is adulterated or misbranded within the meaning of the Federal Food and Drug Act ("Act"), or is an article which, under the provisions of Section 404 of the Act, may not be introduced into interstate commerce." (*Id.* § 9.1(f).)

These guarantees fall squarely within the safe harbors of the FDCA and Sherman Law.  *See* 21 U.S.C. § 333(c)(2); Cal. Health & Safety Code §§  110245, 110280.  Each guarantee is dated prior to the date of Costco's sale of Guaranteed Products to putative class members.[2]  (Gibson Decl. ¶6, ¶13; Kozen Decl. ¶5, ¶14, ¶21; Tran Decl. ¶5.)  Costco received the Guaranteed Products in the usual channels of trade as first-class merchantable stock and not under conditions that indicated that the Guaranteed Products were not usual first-class merchandise.  (Gibson Decl. ¶7, ¶14; Kozen Decl. ¶6, ¶15, ¶22; Tran Decl. ¶6.)  Costco used reasonable care in the storage and handling of the Guaranteed Products (Gibson Decl. ¶9, ¶16; Kozen Decl. ¶8, ¶17, ¶24; Tran Decl. ¶8), and the Guaranteed Products remained identical, both as to composition and labeling, with the food as composed and labeled when originally received from the Vendors.  (Gibson Decl. ¶8, ¶15; Kozen Decl. ¶7, ¶16, ¶23; Tran Decl. ¶7.)  Finally, Costco sold the Guaranteed Products in their original,

_____

[2] Four of the six guarantees are dated prior to the class period.  The fifth and sixth guarantees, which relate to Kirkland Signature Ancient Grains Granola and Kirkland Signature Real Sliced Fruit, were executed prior to Costco's sale of those.

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5802

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1    unbroken, and undamaged packages that bore the original labeling.  (Gibson Decl. ¶10, ¶17; Kozen

2    Decl. ¶9, ¶18, ¶25; Tran Decl. ¶9.)  Accordingly, Costco is entitled to safe-harbor immunity under

3    both the FDCA and the Sherman Law.

4        **3.**     **The Safe Harbor Mandates Dismissal of Plaintiff's Claims Relating to the
            Guaranteed Products.**

5

6            A plaintiff may not use "'plead around' absolute barriers for relief by relabeling the nature of the

7    action" under other laws.  *See Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163,

8    180 (1999) (citing *Rubin v. Green*, 4 Cal. 4th 1187, 1200 (1993) ("When specific legislation

9    provides a 'safe harbor,' plaintiffs may not use the general unfair competition law to assault that

10   harbor.").  In fact, the California Court of Appeal has held that a plaintiff may not use unfair

11   competition laws to assert claims against a defendant protected by a safe harbor in product-labeling

12   regulations.  In *Hobby Industry Association v. Younger*, a trade association for the hobby products

13   industry sued the Attorney General for declaratory and injunctive relief, alleging defendant had

14   erroneously interpreted and applied certain provisions of the California Fair Packaging and Labeling

15   Act, Business & Professions Code §§ 12601-12615.5 (the "FPLA").  101 Cal. App. 3d 358 (1980).

16   The trade association argued that a dealer immunity provision of the FPLA (section 12602(b))

17   protected dealers with equal force against claims of unfair competition, while the Attorney General

18   contended that the FPLA cannot preclude actions under other statutes.  *Id.*  The court agreed with the

19   trade association, finding "[t]here is nothing in section 17200 et seq. which reimposes the liability on

20   wholesalers and retailers which is expressly excluded by section 12602."  *Id.* at 370 ("Although the

21   Supreme Court has construed the orbit of the unfair competition statutes expansively [citations], it

22   cannot be said that this embracing purview also encompasses business practices which the

23   Legislature has expressly declared to be lawful in other legislation.").  Accordingly, the court held

24   that dealers who are entitled to the safe-harbor protections of the FPLA "are also immune from the

25   actions under section 17200 et seq. of the Business and Professions Code."  *Id.*

26           In *Cel-Tech Communications v. Los Angeles Cellular Telephone Company*, the California

27   Supreme Court "agree[d] with *Hobby Industry* that the unfair competition law does not permit an

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1  action that another statute expressly precludes."  20 Cal. 4th 163, 184 (1999) ("If the Legislature has

2  permitted certain conduct or considered a situation and concluded no action should lie, courts may

3  not override that determination.").  The court explained that a party is entitled to a safe harbor where

4  a regulation  "clearly permit[s]" particular conduct or "actually bar[s]" a cause of action," and a

5  plaintiff "may not use the general unfair competition law to assault that [safe] harbor."  *Id.* at 182;

6  *see also Rubinstein v. PTPN, Inc.*, 148 Cal. App. 4th 1130, 1142 (2007) (dismissing UCL claim

7  where "Legislature expressly authorized or exempted from antitrust enforcement the conduct alleged

8  in this case.").  The safe-harbor doctrine applies with equal force to each of plaintiff's claims.[3]

9          Here, both the California and the United States legislatures have made the policy decision to

10  afford safe harbor to dealers, like Costco, who have received vendor guarantees regarding their

11  products' compliance with the relevant regulations.  Plaintiff and "[t]he courts are not empowered to

12  overrule the Legislature's judgment in these matters."  *Rubinstein*, 148 Cal. App. 4th at 1142.

13  Accordingly, Costco respectfully requests that this Court dismiss, or in the alternative, grant

14  summary judgment in Costco's favor, on each of Plaintiff's claims relating to the six Guaranteed

15  Products.

16      **C.      Plaintiff's Rejected Theories – Inexplicably Reasserted in the TAC – Should be
                  Stricken.**

17

18          In the Second Amended Complaint, Plaintiffs segregated their claims into "two distinct

19  facets" -- (1) the "misbranding facet," which was limited related to the "UCL unlawful" claim, and

20  (2) the "fraudulent" facet, which encompassed the remainder of Plaintiffs' claims.  (Second

21  Amended Complaint ("SAC") ¶¶ 3, 6.)  Based on this framework, Plaintiff asserted the novel legal

22  argument that "[t]o state a claim under the unlawful prong, Plaintiffs need only allege that they

23  would not have purchased the product had they known it was misbranded because they would have a

24

---

25  [3] *See Lopez v. Nissan North America, Inc.*, 201 Cal. App. 4th 572, 594 (2011) ("We also hold that

26  section 12500, subdivision (c), is a 'safe harbor' provision [citation] under which odometers are, as a
    matter of law, 'correct' if they meet the relevant tolerance standard and were not deliberately
    miscalibrated. Because such deliberate miscalibration has not been shown here, the statute bars

27  plaintiffs' claims under consumer protection statutes (§§ 17200, 17500, Civ. Code, § 1750 et seq.)
    based on the alleged inaccuracy of odometers that meet the NIST standard or based on the failure to

28  disclose such alleged inaccuracy.").

11

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1   product that is illegal to own or possess."  Like other courts before and since, this Court soundly

2   rejected Plaintiff's argument, holding plaintiffs must properly plead reliance to state a claim under

3   the unlawful prong of the UCL, and finding, as other courts also have done, that alleging a product is

4   "illegal to hold" and/or "legally worthless" does not constitute reliance.  (Order at  8:16-20 ("[T]he

5   actual reliance requirement applied to Plaintiff's claims under all prongs of the UCL."); *id* at 13:1-8

6   (Plaintiffs cannot stand on "the proposition that the sale of an illegal product in and of itself leads to

7   a presumption of reliance because the representation made was material."))  While the Court granted

8   leave to amend the EJC allegations, it did not open the door to a reconsideration of these rejected

9   theories.

10        Nonetheless, Plaintiff opens her Third Amended Complaint with a "Summary of the Case"

11  that restates the already rejected legal propositions relating to the "misbranded facet."  (TAC ¶ 3

12  ("This 'misbranding' – standing alone without any allegations of deception by Defendant or review

13  of reliance on the labels by Plaintiff – give rise to Plaintiff's first cause of action under the UCL.  To

14  state a claim under the unlawful prong, Plaintiff needs only allege that she would not have purchased

15  the product had she known it was misbranded because she would have a product that is illegal to

16  own or possess.").  The remainder of the Third Amended Complaint is replete with similar

17  allegations.  (*See, e.g., id.* ¶¶ 3, 6, 7, 51, 52, 55, 63, 70, 87, 94, 132, 140, 141-46, 286.)  Costco

18  respectfully requests that this Court strike these allegations – set forth in Exhibit A to this Motion --

19  as immaterial and impertinent.  *See* Fed. R. Civ. P. 12(f)(1); *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524,

20  1527 (9th Cir. 1993) (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure

21  § 1382, at 706-07 (1990)), rev'd on other grounds, 510 U.S. 517 (1994).

22        **D.    Even if the Vendor Guarantee Were Not Dispositive, Plaintiff's Claims
              Regarding the Chocolate Milk Product Should Be Dismissed.**

23

24             **1.    Plaintiff's Evaporated Cane Juice Claim Fails Based on The Court's
                    Previous Ruling.**

25        In his March 31, 2014 Order, Judge Davila dismissed Plaintiff's ECJ claim on the basis of

26  two cases, *Avoy v. Turtle Mountain*, No. 13-CV-0236-LHK, 2014 WL 587173 (N.D. Cal. Feb. 14,

27  2014) and *Kane v. Chobani*, No. 12-CV-02425-LHK, 2013 WL 5289253 (N.D. Cal., Sept. 19,

28

1   2013), finding:

2           Like the plaintiff in *Avoy*, Plaintiff Liddle included the label of the purchased product, which
            lists "sugar" as an included nutrient and clearly shows how much sugar is contained in the
3           product. As in *Chobani*, Plaintiff Liddle indicates in the SAC that she knows that ECJ is the
            same as "sugar" and "dried cane syrup." Further, the SAC fails to allege what Plaintiff Liddle
4           believed ECJ to be if not sugar and does not explain what a reasonable person would believe
            ECJ to be.
5

6   (Order at 15:20-24.)

7           Judge Davila was very specific about what Plaintiff needed to amend, but despite adding

8   seventeen pages of website quotes and irrelevant material as support for her ECJ claim, Plaintiff fails

9   to address the deficiencies articulated in Judge Davila's ruling.  For instance, Plaintiff quotes

10  information from the Harvard School of Public Health, the Mayo Clinic, and Publix grocery stores.

11  However, in direct contradiction to the Order, Plaintiff does not allege what she or a reasonable

12  person would believe ECJ to be.  Plaintiff also provides long quotes from diet guru Dr. Atkins, and

13  the WholeFoods and NPR websites, but dodges the issue Judge Davila had with her ECJ claim: that

14  the label clearly states that sugar—some 26 grams—is included in the *chocolate* milk product.

15  Instead, Plaintiff re-alleges that the product is misbranded as a matter of law and is illegal to sell, a

16  redundant argument that was rejected by Judge Davila.  (*See id.* at pp. 12-13.)

17          Indeed, the only allegations Plaintiff appears to have made to address Judge Davila's

18  concerns is to "explain" why she uses the term "dried cane syrup" interchangeably with "sugar" in

19  her Third Amended Complaint.  Plaintiff asserts that "the term 'dried cane syrup' appears in the

20  Complaint **only** because the FDA has suggested that 'dried cane syrup' might be an acceptable way

21  to refer to the ingredient …but [Plaintiff] was not familiar with 'dried cane syrup' as a food

22  ingredient."  TAC at ¶117.  This hardly cures the problem: Plaintiff is just acknowledging that she

23  would have purchased the chocolate milk if the ingredient list contained the FDA-approved words

24  "dried cane syrup" without knowing what the term meant, just as she allegedly purchased the

25  chocolate milk with the ingredient listed "evaporated cane juice," without knowing what that term

26  meant.

27

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

13

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

**2.      As in *Kane* and *Avoy*, Both Cited in the Order, Plaintiff's Claims Should Be Dismissed on the Merits and With Prejudice.**

Following issuance of this Court's Order, both *Kane* and *Avoy,* relied on by Judge Davila, were dismissed with prejudice.  *Kane v. Chobani*,  No. 12-CV-02425-LHK, 2014 WL 657300 (N.D. Cal. Feb. 20, 2014); *Avoy v. Turtle Mountain, LLC*  No. 13-CV-0236-LHK, 2014 WL 587173 (N.D. Cal. Feb. 14, 2014).  Significantly, the TAC here makes the same allegations that resulted in those dismissals, and Costco respectfully submits the TAC should face the same fate.

In *Kane*, the plaintiffs asserted in their second amended complaint that the defendant's use of the term ECJ on its yogurt label was false and misleading, and concealed the fact that the sweetening ingredient was just "sugar" or "dried cane syrup."  *Kane v. Chobani,* No. 12-CV-02425, 2013 WL 5289253 at *1.  The plaintiffs further alleged that they believed the yogurt contained "only natural sugars from milk and fruit and did not contain added sugars or syrups," and would not have purchased the yogurt had they known that the yogurt "contained added dried cane syrup."  *Id.* at *3. The defendant moved to dismiss.  On September 19, 2013, the court dismissed the plaintiffs ECJ claim without prejudice, finding that:

> Absent *some* factual allegation concerning what Plaintiffs believed ECJ to be if not a form of sugar or a juice containing some form of sugar, Plaintiffs' allegations that they read the label, were aware that the Yogurts contained ECJ, and nevertheless concluded that the Yogurts contained "only natural sugars from milk and fruit and did not contain added sugars or syrups" is simply not plausible.

*Id*. at *8.  In their *third* amended complaint, the *Kane* plaintiffs emphasized they would not have purchased the defendant's products had they known they contained sugar that was "added as an ingredient into Defendant's yogurt during [the products'] processing or preparation."  *Kane*, 2014 WL 657300 at *14.  The plaintiffs also alleged that while they "did not know what evaporated cane juice was at the time [they] purchased Defendant's yogurt product, because of the fact [the labels] used the term 'juice,' it sounded like something healthy."  *Id.* The defendant moved to dismiss the complaint again for failure to cure the deficiencies identified in the court's previous order.  *Id*.  The court agreed with the defendant and dismissed the plaintiffs' ECJ claim with prejudice, finding:

> Plaintiffs still fail to explain what they believed evaporated cane juice to be, if *not* a form of sugar. Instead, Plaintiffs simply add the new allegation that they were "looking for 'added

14

sugar'" and that "Plaintiffs scanned the ingredient lists of the Chobani products for forms of added sugar and failed to recognize the term 'evaporated cane juice' as a form of added sugar." While Plaintiffs now cite to public health guidelines that describe the harmful properties of "added sugars," these allegations do not answer the question of what Plaintiffs believed evaporated cane juice was when they purchased Defendant's products.

*Id.* at *15 (internal citations omitted).

A similar result was reached in *Avoy v. Turtle Mountain, LLC*. There, the plaintiff contended that the products she purchased were misbranded and violated the UCL, FAL and CLRA because the labels listed "organic evaporated cane juice" as an ingredient. *Id.* at *1. The plaintiff further claimed that she would not have purchased the defendant's products had she known the "truth" about ECJ, because consumers want to avoid "added sugar." *Id.* at *7. The defendant moved to dismiss the complaint. *Id.* The court agreed with the defendant and dismissed the action without prejudice, holding in part:

> Avoy does not plead any facts to explain how she (or a reasonable person) would perceive a difference between the terms "dried cane syrup" and "evaporated cane juice," nor does she provide any plausible explanation for what she (or a reasonable person) believes "evaporated cane juice" to be, if not sugar.

*Id.* Two months later, Judge Koh dismissed the action with prejudice because the plaintiffs either could or would not cure the deficiencies addressed in her earlier ruling. Order Dismissing with Prejudice, *Avoy v. Turtle Mountain, LLC*, No. 13-cv-00236-LHK (N.D. Cal. Apr. 10, 2014), ECF No. 45.

The same result should be reached here as in *Kane* and *Avoy*. Plaintiff (who is represented by the same counsel that represented the *Kane* and *Avoy* plaintiffs), has set forth the same allegations as those in *Kane* and *Avoy*. Specifically, Plaintiff asserts that she did not recognize that ECJ was added sugar in the chocolate milk product. (TAC at ¶115.) Additionally, as in *Kane* and *Avoy*, Plaintiff further alleged that she would not have purchased the product had she known that ECJ was added sugar. (*Id.*) And as in *Kane*, she alleges that "juice is considered to be a healthy food that does not contain added sugars." (*Id.* at ¶148.) But also as in *Kane* and *Avoy*, Plaintiff fails to plausibly allege what she believed ECJ to be, if not a form of sugar. In fact, the omission here is even more glaring than in a case about yogurt products: the front of the label that Plaintiff attached

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

to her complaint clearly indicates the product is *chocolate* milk. The large typed-word "chocolate" is in fact the first word in the product name, and colored a conspicuous brown.  (*See* TAC Ex. 3.)  As Judge Davila pointed out, the label also delineates in the nutrition panel that the product contains sugar: in fact, some 26 grams worth, which is hardly surprising for a product made with *chocolate.* Plaintiff's claim that she somehow expected chocolate milk with 26 grams of sugar was made only from sugars that occur naturally in white milk is not plausible.  (TAC ¶ 147 ("While Plaintiff was aware that the Costco Kirkland Signature Organic Chocolate Reduced Fat Milk product contained some sugars, she believed these sugars were naturally occurring sugars that were found *naturally* in the ingredients used by Costco such as milk (lactose).")  As in *Kane* and *Avoy*, which made the same allegations, Plaintiff's ECJ claims should be dismissed with prejudice.

### 3.   Alternatively, Plaintiff's ECJ Claim Should Be Dismissed or Stayed In Light of the FDA's March 5, 2014 Request for Comment.

On March 13, 2014, Costco submitted a letter of supplemental authority to this Court.  In the letter, Costco brought to this Court's attention a March 5, 2014 Federal Register notice, where the FDA reiterated that it had "not reached a final decision on the common and usual name for [the ECJ] ingredient" and was "reopening the comment period to request further comments, data and information" on the Agency's 2009 draft guidance concerning ECJ.  *Guidance for Industry – Ingredients Declared as Evaporated Cane Juice* (Oct. 2009), available at 2009 WL 3288507. Plaintiff was of course copied on that communication and was aware of the FDA's March 5, 2014 notice.

Notwithstanding this explicit knowledge, Plaintiff falsely alleges that the "FDA has not wavered from its position that 'evaporated cane juice' is a false and misleading terms that violates numerous labeling regulations and misbrands products since it was first set out in 2000."  (TAC at ¶130.)  Plaintiff also boldly states that the "FDA's position is clear: labels listing 'evaporated cane juice' are 'false and misleading.'"  (TAC at ¶126.)  The TAC nowhere mentions the March 5, 2014 notice, purposefully giving the false impression that the 2009 Guidance is somehow final and binding.  In addition to demonstrating that her allegations about the FDA's "unwaivering" position

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1    are patently false, the March 5, 2014 notice supports a dismissal or stay of the ECJ claims on

2    primary jurisdiction grounds.

3         The primary jurisdiction doctrine allows courts to dismiss a complaint or stay the

4    proceedings without prejudice pending the resolution of an issue within the special competence of an

5    administrative agency.  *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008).  In

6    determining whether to apply the doctrine, the Ninth Circuit typically examines four factors: "'(1)

7    [a] need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an

8    administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or

9    activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in

10   administration.'"  *Clark*, 523 F.3d at 1115.  Additionally, courts have found application of the

11   primary jurisdiction doctrine appropriate "where a determination of a plaintiff's claim would require

12   a court to decide an issue committed to the FDA's expertise without a clear indication of how the

13   FDA would view the issue."  *Hood v. Wholesoy & Co, Modesto Wholesoy Co. LLC*, 12-CV-5550-

14   YGR, 2013 WL 3553979, at *5 (N.D. Cal. Jul. 12, 2013); *Ivie v. Kraft Foods Global, Inc*., C-12-

15   02554-RMW, 2013 WL 685372, at *7 (N.D. Cal. Feb. 25, 2013).

16        Since the March 5, 2014 notice, courts in this district have repeatedly recognized this

17   regulatory authority held by the FDA and dismissed or stayed ECJ actions for this very reason.  As

18   held in *Figy v. Amy's Kitchen*, No. C 13-03816-SI, 2014 WL 1379915 (N.D. Cal. Apr. 9, 2014):

19        [I]t is apparent from the face of the 2009 Draft Guidance that it only represents the FDA's
         preliminary view of the issue and not its formal position.  Moreover, on March 5, 2014, the
20        FDA issued a notice in the Federal Register reopening the comment period for the draft
         guidance on the use of the term ECJ.  The notice confirms that the 2009 draft guidance
21        merely represents the FDA's "preliminary thinking regarding the use of the term" ECJ, and
         the FDA has "not reached a final decision on the common or usual name of the ingredient."
22

23        *Id.* On this basis, the court dismissed the ECJ claims without prejudice.  Other courts have

24   done the same.  *See, e.g., Swearingen v. Santa Cruz Nat. Inc.*, No. C 13-04291 SI, 2014 WL

25   1339775 (N.D. Cal. Apr. 2, 2014); *Reese v. Odwalla, Inc.*, No. 13-CV-947 YGR, 2014 WL 1244940

26   (N.D. Cal. Mar. 25, 2014);  *Figy v. Lifeway Foods, Inc.*, No. 13-CV-04828, 2014 WL 1779251

27   (N.D. Cal. May 5, 2014); *Greenfield v. Yucatan*, No. 13-21610, 2014 WL 1891140 (S.D. Fla. May 7,

28

17

2014).  In the instant case, Judge Davila declined to address the primary jurisdiction issue because he dismissed the ECJ allegations for failure to state a claim.  (Order at 16:21-24.)  Costco respectfully suggests the allegations should be dismissed again, and with prejudice.  But if the Court disagrees, the claims should at least be stayed.

**V.      CONCLUSION**

For the foregoing reasons, Costco respectfully requests that this Court (1) strike the allegations illustrated in Exhibit A, (2) dismiss Plaintiff's claims on the Guaranteed Products with prejudice, or in the alternative, issue summary judgment on those in Costco's favor, (3) dismiss with prejudice the newly added causes of action, and (4) dismiss the ECJ claims (chocolate milk) with prejudice.

Dated:  May 16, 2014                                  WINSTON & STRAWN LLP


                                                      By:   */s/ Amanda L. Groves*
                                                             Amanda L. Groves
                                                             Attorneys for Defendant
                                                             COSTCO WHOLESALE CORPORATION

**Winston & Strawn LLP**
**101 California Street**
**San Francisco, CA  94111-5802**