# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| KAREN THOMAS, et al., <br>     Plaintiffs, <br> v. <br> COSTCO WHOLESALE CORPORATION, <br>     Defendant. | Case No. 12-cv-02908-BLF <br><br> **ORDER** <br> **(1) GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS, AND** <br> **(2) GRANTING DEFENDANT'S MOTION TO STAY, AND** <br> **(3) DEFERRING RULING ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> [ECF 89] |

The above-captioned putative class action is brought by Plaintiff Lisa Liddle[1] against Defendant Costco, alleging that eight of Defendant's food products are improperly labeled in violation of both California and federal law. Presently before the Court is Costco's Partial Motion to Dismiss two causes of action asserted for the first time in Plaintiff's Third Amended Complaint ("TAC"): breach of the implied warranty of merchantability and negligent misrepresentation. In the alternative, Defendant seeks partial summary judgment as to Plaintiff's claims relating to six of the eight products at issue, contending that the safe harbor provisions of California's Sherman Act and the federal Food, Drug, and Cosmetic Act ("FDCA") shield it from liability with regard to any product for which it received certain vendor guarantees. Additionally, Costco asks the Court to dismiss without prejudice or stay Plaintiff's claims related to Costco's use of the term "Evaporated Cane Juice," or ECJ, on the label of a chocolate milk product.

Having reviewed the papers and oral argument of the parties, and the relevant law, the Court hereby GRANTS Defendant's Partial Motion to Dismiss and GRANTS Defendant's request

---

[1] Original named Plaintiff Karen Thomas' claims were dismissed from this action, with prejudice, in a March 31, 2014 Order by Judge Edward Davila. *See* ECF 83 ("Dismissal Order").

1  to stay Plaintiff's ECJ claims. The Court finds that Defendant's Motion for Partial Summary
2  Judgment is premature, prior to Plaintiff having the opportunity to take adequate discovery on
3  issues related to Defendant's safe harbor argument, and will defer ruling on Defendant's argument
4  at this time.

## I. BACKGROUND

These parties have already gone through several rounds of motions to dismiss and amendment to Plaintiff's complaint, and the background facts are familiar to the Court and the parties. *See generally* Dismissal Order. In the Dismissal Order, Judge Davila outlined Plaintiff's two theories of liability: first, that the defective packaging and labeling on Defendant's products render them "misbranded," and thus per se unlawful under the UCL, and second, that Defendant's product labels on the alleged offending products are fraudulent and misleading. *See, e.g.*, *id.* at 5-6, 11-15. Judge Davila expressly rejected Plaintiff's first theory, stating that actual reliance is required for claims under the UCL, and that mislabeling alone does not render a product violative of the UCL. *See id.* at 12 ("[U]nder the 'unlawful' prong of the UCL, Plaintiffs must plead reliance when claims are premised on allegedly deceptive advertising.").[2]

According to Plaintiff's TAC, Plaintiff Liddle is a California consumer who alleges that she purchased eight of Defendant's Kirkland Signature food products: (1) Whole Dried Blueberries, (2) Cashew Clusters with Almonds and Pumpkin Seeds, (3) Organic Chocolate Reduced Fat Milk, (4) Canola Oil Cooking Spray, (5) Newman's Own 100% Grape Juice, (6) Real Sliced Fruit – Fuji Apple, Strawberry Banana, and Fuji Apple with Cinnamon, (7) Boathouse Farms Organic 100% Carrot Juice, and (8) Ancient Grains Granola with Almonds. TAC, ECF 84 ¶¶ 2a-2h. Plaintiff contends that the labels on these products contain various misrepresentations that are misleading and deceptive to consumers, *see id.* at ¶¶ 6, 7, and alleges eight causes of

---

[2] Defendant moves to strike certain portions of the TAC, arguing that Plaintiff has re-alleged this rejected theory of liability. *See* Def.'s Mot. at 2. In Plaintiff's Opposition, she makes clear that she "cannot simply drop the allegation [that misbranding renders a product per se unlawful, even without actual reliance] from the complaint without running the risk of waiving the issue on appeal," because Judge Davila did not explicitly dismiss the theory "with prejudice." Def.'s Opp. at 7, 7 n.6. The Court does so now. *See, e.g.*, *Kwikset Corp. v. Superior Corp.*, 51 Cal. 4th 310 (2011); *see also Kane v. Chobani*, 2014 WL 6573000 (N.D. Cal. Feb. 20, 2014); *Brazil v. Dole Food Co.*, 935 F. Supp. 2d 947 (N.D. Cal. 2013).

1 action. *See* TAC ¶¶ 279-343.

2 On April 15, 2014, Plaintiff filed her TAC. On May 16, 2014, Defendant filed the instant
3 motion. Following briefing, the parties appeared for oral argument on August 14, 2014.

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) concerns what facts a plaintiff must plead on the face of its complaint. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Any complaint that does not meet this requirement can be dismissed pursuant to Rule 12(b)(6). In interpreting Rule 8(a)'s "short and plain statement" requirement, the Supreme Court has held that plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff[s] plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not ask a plaintiff to plead facts that suggest they will probably prevail, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519, F.3d 1025, 1031 (9th Cir. 2008). The Court is not, however, forced to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Kane v. Chobani, Inc.*, 973 F. Supp. 2d 1120 (N.D. Cal. 2014) (citing *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011)).

## III. DISCUSSION

### A. Defendant's Partial Motion to Dismiss

Defendant asks this Court to dismiss two newly alleged causes of action in Plaintiff's TAC: the seventh cause of action for violations of the implied warranty of merchantability, and the

United States District Court
Northern District of California

eighth cause of action for negligent misrepresentation.[3]

### 1. *Implied Warranty of Merchantability*

"Unless excluded or modified[,] a warranty that goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Cal. Comm. Code § 2314(1). This warranty does not demand that the product "precisely fulfill the expectation of the buyer," but rather "provides for a minimum level of quality." *Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d 877, 896 (C.D. Cal. 2013) (citing *Hauter v. Zogarts*, 14 Cal. 3d 104, 117 (1975)).

To state a claim under the implied warranty of merchantability, a party must plead that the product in question "lacks even the most basic fitness for ordinary use." *Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 (9th Cir. 2009). In the context of food cases, a party can plead that a product violates the implied warranty of merchantability by alleging, for example, that the product was not safe for consumption, *see, e.g.*, *Lam v. Gen. Mills, Inc.*, 859 F. Supp. 2d 1097, 1106 (N.D. Cal. 2012), or that the product was "contaminated or contained foreign objects." *Viggiano*, 944 F. Supp. 2d 877, 897; *see also Brand v. Hyundai Motor Am.*, 226 Cal. App. 4th 1538, 1545 (2014) (describing the implied warranty of merchantability as a "bulwark against fundamental defects").

Despite the length of the TAC,[4] Plaintiff makes no allegation that any of the products in question lacked a basic degree of fitness for ordinary use, or would in some way be unsafe for

---

[3] Defendant also contends that Plaintiff's newly alleged claims are procedurally improper, arguing that Plaintiff was given leave to amend only with regard to "Plaintiff Liddle's claim regarding evaporated cane juice." Def.'s Mot. at 4 (citing Dismissal Order at 17). As pointed out by Plaintiff, however, Judge Davila's Dismissal Order also includes stated that "[if] Plaintiffs wish to further amend the complaint, the Court orders that it be pled . . . within 15 days of the date of this order." Dismissal Order at 17. There is no specific limiting language in the Dismissal Order that expressly *precluded* amendment, and as such the Court declines to reject Plaintiff's new claims on this ground. The Court shall, however, make the permissibility of amendment clear to both parties in this and any future Order, and Plaintiff shall not be able to add further causes of action to a future amended Complaint without the *explicit* permission of this Court.

[4] Defendant's TAC, at 81 pages, is rife with lengthy citations to websites, including myriad block quotes pulled directly from the Internet. *See, e.g.*, TAC ¶ 125. The TAC is not a "short and plain statement" of the allegations against Defendant. *See* Rule 8(e)(1) ("[E]ach averment of a pleading shall be simple, concise, and direct."). That Plaintiff may be subject to a heightened pleading standard for certain claims is no excuse for such longwinded and unwieldy allegations. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

consumption by a consumer who purchased them. Plaintiff instead contends that the products violate the implied warranty of merchantability because the products are misbranded and "could not be legally sold or held." Pl.'s Opp., ECF 93 at 2 (citing TAC ¶¶ 332-334). The Court is not persuaded by this argument. Mislabeling of a product is not the sort of "fundamental defect" that the implied warranty of merchantability is designed to protect against – instead, the warranty hopes to protect consumers who purchase products that are not fit to be used in the way those products are normally used – they are contaminated or lack any minimum level of quality such that they would be unsafe for consumption. *See, e.g.*, *Lam*, 859 F. Supp. 2d 1097, 1106. Plaintiff's allegations that the products are "illegal and unsellable," TAC ¶¶ 345-346, is not enough to plead a violation of the implied warranty of merchantability.

The Court therefore GRANTS Defendant's Motion to Dismiss Plaintiff's seventh cause of action. Plaintiff shall, however, be given leave to amend in order to allege facts that would show that the products in question lacked even the most basic fitness for everyday use.

### 2. *Negligent Misrepresentation*

Under California law, negligent misrepresentation "differs from intentional misrepresentation in that, while certain nondisclosures may support a claim for intentional misrepresentation, a negligent misrepresentation *requires a 'positive assertion,'* and hence 'omissions' – that is, nondisclosures – cannot give rise to liability for negligent misrepresentation." *Mitsui O.S.K. Lines, Ltd. v. SeaMaster Logistics, Inc.*, 913 F. Supp. 2d 780, 789 (emphasis added). Thus, while a failure to disclose information can give rise to intentional misrepresentations, such failure to disclose cannot give rise to a claim for negligent misrepresentation. *Lopez v. Nissan N. Am., Inc.*, 201 Cal. App. 4th 572, 596 (2011); *see also Byrum v. Brand*, 219 Cal. App. 3d 926, 941-42 (1990) (finding that negligent misrepresentations require "something more than an omission").

Plaintiff states in her Opposition that she has alleged misrepresentations "throughout the TAC," Pl.'s Opp. at 3, including "misrepresenting sugar as ECJ and non-natural products as natural." *Id.* Plaintiff directs the Court to three paragraphs that include these purported affirmative misrepresentations, TAC ¶¶ 351-353.

None of these three paragraphs contain a single specific affirmative misrepresentation. Instead, both paragraphs 352 and 353 reassert Plaintiff's failure to disclose theory. *See* TAC ¶¶ 352-353 ("Defendants (sic) failed to fulfill its duty to disclose the material facts alleged above."). Paragraph 351, in contrast, purports to re-allege the previous 79 pages of allegations. Plaintiff may have, somewhere in her 81-page TAC, alleged some affirmative misrepresentations. She was not, however, able to cite in her Opposition to Defendant's Motion a single specific paragraph that included any such affirmative misrepresentation. It is not the Court's job to look through the incredibly lengthy TAC to find Plaintiff's misrepresentations for her – that, plainly, is the job of the party opposing the motion to dismiss.

Because Plaintiff has not cited a single affirmative misrepresentation, and instead has attempted to plead a negligent misrepresentation claim based on omissions, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's eighth cause of action. However, the Court will grant Plaintiff the opportunity to amend in order to specifically and clearly articulate a factual basis for affirmative misrepresentations on Defendant's products.

### B. Defendant's Motion to Dismiss or Stay Plaintiff's ECJ Claims

Defendant also asks the Court to dismiss, or in the alternative stay, Plaintiff's claims relating to the use of the phrase Evaporated Cane Juice, or ECJ, on Kirkland's chocolate milk product. Plaintiff contends that the use of ECJ on labeling is misleading and illegal, and that Plaintiff Liddle purchased Defendant's chocolate milk product after "scann[ing] the ingredient list for added sugar, but did not recognize 'evaporated cane juice' as added sugar." TAC ¶ 115; *see also id.* at ¶ 116 ("Plaintiff [Liddle] was looking for words like 'sugar' or 'syrup' that ordinarily identify ingredients as sugar. She was not looking for words like 'juice' or 'cane juice' or 'evaporated cane juice.'").

Defendant makes two arguments with regard to Plaintiff's ECJ claims. First, it contends that Plaintiff's claims should be stayed or dismissed without prejudice under the primary jurisdiction doctrine, because the Food and Drug Administration has reopened the comment period on the Agency's 2009 draft guidance governing ECJ. *See* Def.'s Mot. at 16, 17 ("The primary jurisdiction doctrine allows courts to dismiss a complaint or stay the proceedings without

1  prejudice pending the resolution of an issue within the special competence of an administrative
2  agency."). Second, Defendant argues that Plaintiff's ECJ claims should be dismissed, with
3  prejudice, as they are not adequately pled.

4  The primary jurisdiction doctrine applies in situations where there is: "(1) [a] need to
5  resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative
6  body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a
7  comprehensive regulatory authority that (4) requires expertise or uniformity in administration."
8  *Clark v. Time Warner, Inc.*, 523 F.3d 1110, 1115 (9th Cir. 2008).

9  The trend in this district, given the reopening of the FDA's comment period, has been to
10 stay ECJ claims under the primary jurisdiction doctrine, though some judges have instead
11 dismissed the ECJ claims without prejudice. *Compare Swearingen v. Santa Cruz Natural Inc.*,
12 2014 WL 2967585, at *3 (N.D. Cal. July 1, 2014) (compiling cases and noting that "several other
13 courts in this district have applied the doctrine of primary jurisdiction to actions involving similar
14 claims related [to] the use of the term ECJ on food labeling"), *with Swearingen v. Yucatan Foods,
15 L.P.*, 2014 WL 2115790, at *2 (N.D. Cal. May 20, 2014) (dismissing without prejudice plaintiffs'
16 case and noting that "[t]he question of evaporated cane juice labeling presents a host of technical
17 issues uniquely within the [FDA's] expertise.").

18 In this case, the ECJ claims make up a small portion of the overall case, because the ECJ
19 labeling allegations involve only one of the eight products at issue, the chocolate milk product. It
20 is likely that the FDA's guidance after the closure of the comment period will provide the Court
21 and both parties necessary clarity on the propriety, if any, of using ECJ on product labels, and the
22 likelihood of such guidance supports a stay of the ECJ claims in this action. *See Figy v. Lifeway
23 Foods, Inc.*, 2014 WL 1779251, at *4 (N.D. Cal. May 5, 2014) (noting that the FDA is likely to
24 make a final pronouncement on the issue of ECJ labeling, and that such likelihood of resolution
25 supports deferring judgment). The Court GRANTS Defendant's request to stay only the ECJ
26 claims, pursuant to the primary jurisdiction doctrine, until the FDA issues final guidance after the
27 comment period closes.

28 The Court does note, however, that Plaintiff's ECJ claims in this action seem implausible.

7

Plaintiff Liddle claims that she scanned the chocolate milk product's ingredient list for added sugar, and, seeing only ECJ on the label, purchased the product. TAC ¶¶ 115-116. Plaintiff contends that she "would not have bought the [chocolate milk product] had she known they (sic) contained 'added sugar.'" TAC ¶ 171. In fact, Plaintiff Liddle claims that she believed that any sugars included in the chocolate milk product "we naturally occurring sugars that were found naturally in the ingredients used by Costco such as milk (lactose)." TAC ¶ 147.

Judge Davila's Dismissal Order stated that Plaintiff Liddle's ECJ allegations were deficient because the SAC had "fail[ed] to allege what Plaintiff Liddle believed ECJ to be if not sugar and [did] not explain what a reasonable person would believe ECJ to be." Dismissal Order, ECF 83 at 15. Plaintiff's attempt to correct this deficiency in the TAC is unavailing for two reasons. First, the TAC does not articulate what Liddle believed ECJ to be and once again does not state what a reasonable person might have believed ECJ to be. Second, and perhaps more fundamentally, the Court simply finds it implausible that a reasonable consumer could purchase a *chocolate* milk product and believe that it only contained naturally occurring sugars "such as milk (lactose)." TAC ¶ 147; *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face").

The Court, for the reasons outlined above, GRANTS Defendant's request to stay Plaintiff's ECJ claims, until the FDA issues final guidance after the ECJ comment period ends. In the event the stay is lifted on the ECJ claims and Plaintiff seeks to reassert it, she shall request leave to amend to cure the defects identified by the Court in this Order.

### C. Defendant's Motion for Partial Summary Judgment

Finally, Defendant seeks partial summary judgment "on the basis that the safe harbor provisions of the FDCA and Sherman Law prohibit Plaintiff's claims relating to products for which Costco received vendor guarantees regarding quality and compliance." Def.'s Mot. at 1. Defendant states that it received such guarantees for six of the eight products referenced in the TAC (including the chocolate milk product at issue in Plaintiff's ECJ claims).

Plaintiff argues that she would need the opportunity to conduct relevant discovery prior to any further briefing on this partial motion to summary judgment. *See* Pl.'s Opp. at 7. The Court

agrees with Plaintiff, and finds that the partial motion for summary judgment is premature.[5] As discussed with the parties at oral argument, *see* ECF 98 at 28-35 (hearing transcript), the Court will require that the parties create a discovery plan for proceeding on Defendant's Partial Motion for Summary Judgment. The Court will thereafter provide Plaintiff the opportunity to file a supplemental opposition to Defendant's motion, not to exceed ten pages, and Defendant will be given the chance to file a supplemental reply, not to exceed seven pages. *See* ECF 98 at 30-31.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's Partial Motion to Dismiss Plaintiff's seventh and eighth causes of action is GRANTED, with leave to amend on these causes of action only. Plaintiff must file a Fourth Amended Complaint no later than December 1, 2014. Plaintiff is not permitted to add any new products or causes of action to her Fourth Amended Complaint without leave of Court.

2. Defendant's Motion to Stay Plaintiff's ECJ claims is GRANTED. Plaintiff's ECJ claims are stayed until the FDA releases its final guidance, after the comment period closes on the Agency's 2009 draft guidance regarding ECJ. Defendant is further ORDERED to provide the Court notice when this occurs.

3. The Court DEFERS ruling on Defendant's Motion for Partial Summary Judgment. The parties shall meet and confer, and file with the Court a discovery plan for the motion for partial summary judgment no later than November 24, 2014. After receipt of the parties' discovery plan, the Court shall issue a schedule for briefing on Defendant's motion.

**IT IS SO ORDERED.**

Dated: November 12, 2014

BETH LABSON FREEMAN
United States District Judge

---

[5] This Court's standing order permits parties to file only one dispositive motion, such as a motion for summary judgment. However, as stated at oral argument, the Court rules that Defendant is not precluded from bringing a motion for summary judgment at a future point in this litigation. ECF 98 at 29 ("You have selected what I consider to be a well thought-out appropriate early motion for summary judgment on a clear legal issue. . . . I would grant, and do now by order . . . that you are not precluded from bringing a motion for summary judgment later in the proceedings.")