Amanda L. Groves (SBN: 187216)
agroves@winston.com
Sean D. Meenan (SBN: 260466)
smeenan@winston.com
Luciona Johnson (admitted *pro hac vice*)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| KAREN THOMAS and LISA LIDDLE, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>    Defendant. | **Case No. 5:12-CV-02908-BLF-PSG**<br><br>**NOTICE OF MOTION AND MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COSTCO WHOLESALE CORPORATION'S MOTION TO STAY**<br><br>Hearing Date:   December 17, 2015<br>Time:                  9:00 a.m.<br>Judge:                Hon. Beth Labson Freeman<br>Complaint Filed: June 5, 2012 |

# NOTICE OF MOTION AND MOTION

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE THAT on December 17, 2015 at 9:00 a.m. or as soon thereafter as the matter may be heard, in the United States District Court, Northern District of California, San Jose Division, located at 280 South First Street, San Jose, CA 95113, before the Honorable Beth Labson Freeman, Defendant Costco Wholesale Corporation ("Costco") will, and hereby does move, for an order staying this case pending the Ninth Circuit's resolution of *Jones v. ConAgra Foods, Inc.*, No. 14-16327 (9th Cir. filed July 14, 2014), *Brazil v. Dole Packaged Foods*, No. 14-17480 (9th Cir. filed Dec. 17, 2014), and *Kosta v. Del Monte Foods*, No. 15-16974 (9th. Cir. filed Oct. 2, 2015), which will address many of the same legal and factual issues this Court will face when evaluating Plaintiff's motion for class certification. The motion to stay is made pursuant to the Court's inherent power to stay a case pending resolution of independent proceedings that may bear on the case pending before the Court. Plaintiff does not oppose the motion.

In the alternative, Costco moves for an order staying this case pending resolution of *Jones v. ConAgra* and *Brazil v. Dole*. Plaintiff also does not oppose such relief.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and on such other written and oral argument as may be presented to the Court.

Dated: October 19, 2015                     WINSTON & STRAWN LLP

By:   /s/*Amanda L. Groves*
       Amanda L. Groves
       Attorneys for Defendant
       COSTCO WHOLESALE CORPORATION

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................................. 1

II. FACTUAL BACKGROUND ................................................................................................ 1

    A. Procedural History ..................................................................................................... 1

    B. The Cases Pending Before the Ninth Circuit ............................................................. 3

        1. *Jones v. ConAgra* ......................................................................................... 3

        2. *Brazil v. Dole* ............................................................................................... 4

        3. *Kosta v. Del Monte* ...................................................................................... 4

III. ARGUMENT ......................................................................................................................... 5

    A. Staying The Case Will Promote the Orderly Course of Justice. ................................ 6

    B. The Parties Will Suffer Hardship Absent a Stay. ....................................................... 7

    C. Plaintiff Will Not Be Injured By a Stay. .................................................................... 8

IV. CONCLUSION ...................................................................................................................... 8

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

i

NOTICE OF MOTION AND MOTION TO STAY;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT COSTCO WHOLESALE CORPORATION'S MOTION TO STAY
CASE NO. 5:12-CV-02908-BLF-PSG

# TABLE OF AUTHORITIES

**CASES**

*Allen v. ConAgra Foods*,
   No. 13-CV-01279-HSG, slip op. (N.D. Cal. Feb. 20, 2015) ....................................................... 6

*Astiana v. Hain Celestial Group, Inc.*,
   No. 11-cv-06342-PJH, Dkt. 114 (N.D. Cal. Oct. 9, 2015) .......................................................... 5

*Brazil v. Dole Packaged Foods, LLC*,
   No. 14-17480 (9th Cir. filed Dec. 17, 2014) ................................................................. *passim*

*FormFactor Inc. v. Micronics Japan Co., Ltd.*,
   No. CV-06-07159 JSW, 2008 WL 361128 (N.D. Cal. Feb. 11, 2008) ....................................... 6

*Fuller v. Amerigas Propane, Inc.*,
   No. C 09-2493TEH, 2009 WL 2390358 (N.D. Cal. Aug. 3, 2009) ............................................ 5

*Gustavson v. Mars, Inc.*,
   No. 13-CV-04537-LHK, 2014 WL 6986421 (N.D. Cal. Dec. 10, 2014) ........................... 5, 6, 8

*Jones v. ConAgra Foods*,
   No. 14-16327 (9th Cir. filed July 14, 2014) ................................................................. *passim*

*Kosta v. Del Monte Foods*,
   No. 15-16974 (9th Cir. filed Oct. 2, 2015) ................................................................... *passim*

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ................................................................................................................ 6, 8

*Leonhart v. Nature's Path Foods, Inc.*,
   No. 13-CV-00492-BLF, 2015 WL 3548212 (N.D. Cal. June 5, 2015) (Freeman, J.) ........ 5, 7, 8

*Pardini v. Unilever United States*,
   No. 13-CV-01675-SC, 2015 WL 1744340 (N.D. Cal. Apr. 15, 2015) ............................... 5, 6, 7

*Parker v. J.M. Smucker Co.*,
   No. 13-cv-00690-SC, slip. op. (N.D. Cal. Dec. 18, 2014) ......................................................... 6

*Wilson v. Frito-Lay North America,*
   No. 12-CV-1586-SC, 2015 WL 4451424 (N.D. Cal. July 20, 2015) ........................................5

**Winston & Strawn LLP**
**101 California Street**
**San Francisco, CA  94111-5802**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendant Costco Wholesale Corporation and Plaintiff Lisa Liddle are poised to begin costly class certification discovery and briefing in this food-labeling class action. At the same time, the Ninth Circuit is poised to decide what standards apply on class certification in food-labeling cases – by deciding class certification appeals in three cases nearly identical to that here. District courts, including this one, have stayed similar cases pending the Ninth Circuit's decision on those appeals, finding the interests of both the court and parties are best served by such a stay. Costco, with Plaintiff's concurrence to stay the case pending the appeals of all three cases, respectfully asks that this matter be stayed as well.

## II.   FACTUAL BACKGROUND

### A.   Procedural History

Plaintiff Karen Thomas brought this action on June 5, 2012, challenging the "0 grams Trans Fat" claims on one Costco product. (Complaint, Dkt. No. 1.) Costco filed a motion to dismiss the Complaint on September 9, 2012. (Dkt. No. 13.) In response, Plaintiff Thomas amended to add a new plaintiff, Lisa Liddle, and eight new and unrelated products with a variety of purported FDA regulatory violations: nutrient content claims, claims about antioxidant content, "no sugar added" claims, "evaporated cane juice" claims, "preservative-free" claims, synthetic chemical content omissions, listing of ingredients in improper order, and alleged slack-filled packaging. (Dkt. No. 24.) Costco filed a motion to dismiss the FAC on November 15, 2012 (Dkt. No. 40), which Judge Davila granted six months later, on April 9, 2013. (Dkt. No. 58.) The Court dismissed Plaintiffs' breach of warranty claims with prejudice and dismissed Plaintiffs' remaining claims without prejudice. (Dkt. No. 58, 13:26-14:3.)

Plaintiffs filed another amended complaint on April 24, 2013, challenging the same statements. (Second Amended Complaint ("SAC"), Dkt. No. 60.) Costco filed a motion to dismiss and strike the SAC on June 6, 2013 (Dkt. No. 68) and an amended motion to dismiss and strike the SAC on July 26, 2013. (Dkt. No. 70.) On March 31, 2014, Judge Davila dismissed Plaintiff

1

NOTICE OF MOTION AND MOTION TO STAY;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT COSTCO WHOLESALE CORPORATION'S MOTION TO STAY
CASE NO. 5:12-CV-02908-BLF-PSG

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Thomas' claims without leave to amend and dismissed Plaintiff Liddle's claim regarding evaporated cane juice. (Dkt. No. 83.) The Court denied the motion to dismiss Plaintiff Liddle's remaining claims. (*Id.*) Plaintiff Liddle filed a Third Amended Complaint ("TAC") on April 15, 2014, alleging Costco's products were unlawful and/or misleading because of their nutrient content claims, claims about antioxidant content, "evaporated cane juice" claims, "preservative-free" claims, synthetic chemical content omissions, listing of ingredients in improper order, and slack-filled packaging. (Dkt. No. 84.) The TAC alleged causes of action for unlawful, unfair, and fraudulent business acts and practices, in violation of Business and Professions Code § 17200, *et seq.*, misleading, deceptive, and untrue advertising in violation of Business and Professions Code  § 17500, *et seq.*, and violation of the Consumers Legal Remedies Act, Cal. Civil Code § 1750, *et seq.* (*Id.*) The TAC also included two new causes of action, for implied warranty of merchantability and negligent misrepresentation. (*Id.*)

On May 16, 2014, Costco filed a motion to strike and dismiss portions of the TAC, or in the alternative, for partial summary judgment on the basis that the safe harbor provisions of the FDCA and Sherman Law prohibited claims relating to products for which Costco received vendor guarantees. (Dkt. No. 89.) In that motion, Costco also requested the Court dismiss or stay the re-pled claims related to the use of the phrase "evaporated cane juice." (Dkt. No. 89.) On November 12, 2014, this Court granted Costco's motion to dismiss the two new claims in Plaintiff Liddle's TAC and stayed Plaintiff Liddle's claims regarding evaporated cane juice. (Dkt. 101.) The Court deferred ruling on the motion for partial summary judgment and ordered that the parties engage in limited discovery to facilitate resolution of that motion.

In late 2014 and early 2015, the parties conducted the discovery relevant to Costco's summary judgment motion, and appeared for hearing on the motion on June 4, 2015. On August 13, 2015, the Court denied Costco's motion (Dkt. 109), and on September 8, 2015 requested the parties appear for a status conference on November 5, 2015 (Dkt. 110). The only other date set is a mediation deadline in mid-November. (Dkt. 66.) As set forth below, the parties agree that mediating now would be premature given the uncertain state of the law regarding the key issues in

2

the case. The parties are willing to mediate promptly upon resolution of the appeals in *Jones v. ConAgra*, *Brazil v. Dole*, and *Kosta v. Del Monte*.

### B. The Cases Pending Before the Ninth Circuit

Three cases pending before the Ninth Circuit involve issues similar to those in this litigation: *Jones v. ConAgra Foods*, No. 14-16327 (9th Cir. filed July 14, 2014), *Brazil v. Dole Packaged Foods, LLC*, No. 14-17480 (9th Cir. filed Dec. 17, 2014), and *Kosta v. Del Monte Foods*, No. 15-16974 (9th Cir. filed Oct. 2, 2015). All of these cases involve the same plaintiffs' lawyers, causes of action, and theories as those alleged in the instant matter.

#### 1. *Jones v. ConAgra*

*Jones v. ConAgra* alleges various products (PAM Cooking spray, Hunt's canned tomatoes, and Swiss Miss cocoa) include false and misleading label statements, such as nutrient content claims, claims about antioxidant content, "preservative-free" claims, and synthetic chemical content omissions. As Plaintiff Liddle alleges here, the operative complaint includes causes of action for unlawful, unfair, and fraudulent business acts and practices, in violation of Business and Professions Code § 17200, *et seq.*, misleading, deceptive, and untrue advertising in violation of Business and Professions Code § 17500, *et seq.*, and violation of the Consumers Legal Remedies Act, Cal. Civil Code § 1750, *et seq.* No. 12-CV-01633-CRB, Dkt. No. 95 (N.D. Cal. Jan. 15, 2013). The plaintiffs in *Jones v. ConAgra* also allege a cause of action for restitution. *Id.*

In *Jones v. ConAgra,* the plaintiffs filed motions for class certification which were denied in June 2014. No. 12-CV-01633-CRB, 2014 WL 2702726, at *10 (N.D. Cal. June 13, 2014). In his opinion, Judge Breyer concluded that the class was not ascertainable because products and labels changed over time. *Id.* at *8-12. He also found that individual questions predominated over common questions (*id.* at *14-19) and the proposed damages models failed. *Id.* at *19-23. Further, Judge Breyer found the plaintiffs did not have standing for a Rule 23(b)(2) class because they did not intend to purchase the products in the future. *Id.* at *12-14.

On July 7, 2014, the parties stipulated to dismiss the case so that the plaintiffs could appeal Judge Breyer's order denying class certification. No. 12-CV-01633-CRB, Dkt. No. 231 (N.D. Cal.

July 7, 2014); *see also* No. 14-16327 (9th Cir. filed July 14, 2014).  As of the date of this submission, the appeal is fully briefed, but oral argument has not been scheduled.

### 2. *Brazil v. Dole*

In *Brazil v. Dole*, the plaintiff contended that Dole's food products, namely frozen fruit and fruit cups, were false and misleading because of statements on the product labels.  The challenged statements included "all natural" claims.  As in *Jones v. ConAgra* and the instant matter, the plaintiff alleged causes of action for unlawful, unfair, and fraudulent business acts and practices, in violation of Business and Professions Code § 17200, *et seq.*, misleading, deceptive, and untrue advertising in violation of Business and Professions Code § 17500, *et seq.*, and violation of the Consumers Legal Remedies Act, Cal. Civil Code § 1750, *et seq.* No. 12-CV-01831-LHK, Dkt. No. 148 (N.D. Cal. June 12, 2014).

The plaintiff filed a motion for class certification, and Judge Koh initially certified a damages class, finding the proposed class to be sufficiently ascertainable and with common issues predominating.  No. 12-CV-01831-LHK, 2014 WL 2466559, at *6, *9.  She also certified an injunctive class, concluding that the plaintiff had standing to assert claims under Rule 23(b)(2) because he stated that he would be willing to purchase products in the future.  *Id.* at *11.  On November 6, 2014, Judge Koh decertified the damages class after finding that the regression analysis was flawed because it failed to control for variables affecting price.  No. 12-CV-01831-LHK, 2014 WL 5794873, at *11-14 (N.D. Cal. Nov. 6, 2014).  On December 8, 2014, Judge Koh granted summary judgment in favor of Dole because the plaintiff failed to offer sufficient evidence to support his claims.  No. 12-CV-01831-LHK, 2014 WL 6901867, at *6-8 (N.D. Cal. Dec. 8, 2014).

On December 17, 2014, the plaintiff appealed the decertification order, summary judgment order, and rulings on two motions to dismiss.  *See* No. 5:12-cv-01831, Dkt. No. 244 (N.D. Cal.); No. 14-17480, Dkt. No. 1 (9th Cir. appeal filed Dec. 17, 2014).  As of the date of this submission, the appeal is fully briefed, but oral argument has not been scheduled.

### 3. *Kosta v. Del Monte*

*Kosta v. Del Monte* involves allegations that labels on canned tomato products, vegetable

1   products, and fruit products were false and misleading in connection with nutrient content and
2   antioxidant claims, and an alleged failure to disclose preservatives and chemical content.  The
3   plaintiffs alleged the same six causes of action as the other cases on appeal and the instant matter.
4   No. 4:12-CV-01722-YGR, Dkt. No. 96 (N.D. Cal. June 11, 2013).

   Plaintiffs filed a motion for class certification, then withdrew some of the claims related to certain products and certain label statements.  *See* No. 4:12-CV-01722-YGR, Dkt. No. 156 (N.D. Cal. Sept. 2, 2014).  Judge Gonzales denied class certification without prejudice, and Plaintiffs filed another class certification motion.  No. 4:12-CV-01722-YGR, Dkt. 174 (N.D. Cal. Nov. 10, 2014).  On July 30, 2015, Judge Gonzales denied that motion, finding that the class was not ascertainable and the plaintiffs failed to demonstrate common issues of law and fact.  No. 4:12-CV-01722-YGR, Dkt. 211 (N.D. Cal.).

   On October 2, 2015, the plaintiff appealed.  *See* No. 4:12-CV-01722, Dkt. No. 211 (N.D. Cal.); No. 15-16974, Dkt. 1 (9th Cir. appeal filed Oct. 2, 2015).  This case has not been fully briefed.

## III.  ARGUMENT

   "Granting a motion to stay is within the sound discretion of the Court."  *Fuller v. Amerigas Propane, Inc.*, No. C 09-2493TEH, 2009 WL 2390358, at *1 (N.D. Cal. Aug. 3, 2009).  The power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Id.* (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (internal quotation marks omitted))).

   Courts in this District have routinely stayed food labeling cases while *Jones v. ConAgra* and *Brazil v. Dole* are on appeal.  *See, e.g., Leonhart v. Nature's Path Foods, Inc.*, No. 13-CV-00492-BLF, 2015 WL 3548212, at *3-4 (N.D. Cal. June 5, 2015) (Freeman, J.); *Wilson v. Frito-Lay North America,* No. 12-CV-1586-SC, 2015 WL 4451424, at *2 (N.D. Cal. July 20, 2015); *Pardini v. Unilever United States*, No. 13-CV-01675-SC, 2015 WL 1744340, at *3 (N.D. Cal. Apr. 15, 2015); *Astiana v. Hain Celestial Group, Inc.*, No. 11-cv-06342-PJH, Dkt. 114 (N.D. Cal. Oct. 9, 2015); *Gustavson v. Mars, Inc.*, No. 13-CV-04537-LHK, 2014 WL 6986421, at *2-4 (N.D. Cal. Dec. 10,

5

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

2014) (staying case because of *Jones v. ConAgra* appeal); *Parker v. J.M. Smucker Co.*, No. 13-cv-00690-SC, slip. op. at 3 (N.D. Cal. Dec. 18, 2014) (Dkt. No. 74) (same); *Allen v. ConAgra Foods*, No. 13-CV-01279-HSG, slip op. at 1 (N.D. Cal. Feb. 20, 2015) (same). These cases have been stayed at various points in litigation. *See, e.g., Gustavson*, 2014 WL 6986421, at *3 (staying case before plaintiff filed a motion for class certification); *Pardini*, 2015 WL 1744340, at *2 (stay entered before documents had been produced or depositions had been taken). *Kosta v. Del Monte* is more recently appealed, but the same plaintiffs' lawyers here have recently requested Judge Grewal stay a labeling class action pending *Kosta* as well as *Jones* and *Brazil*. *See* Case No. 5:12-CV-01891, Dkt. No. 156 (N.D. Cal.).

To determine whether to grant a stay, courts weigh three factors: (1) the possible damage that may result from granting a stay; (2) the hardship that a party may suffer if the stay is not granted; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Gustavson*, 2014 WL 6986421, at *2 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 99 U.S. 248, 254-55 (1936))) (the "*Landis* factors"). Each of the *Landis* factors is met here.

### A. Staying The Case Will Promote the Orderly Course of Justice.

It is in the interest of justice to prevent duplicative proceedings and simplify "issues, proof, and questions of law." *FormFactor Inc. v. Micronics Japan Co., Ltd.*, No. CV-06-07159 JSW, 2008 WL 361128 (N.D. Cal. Feb. 11, 2008) (granting motion to stay where other proceedings would determine how the action before the court should proceed). When the Ninth Circuit issues its opinions in *Jones v. ConAgra*, *Brazil v. Dole*, and *Kosta v. Del Monte*, it is likely to provide substantial guidance, and possibly new law, on issues material to the class certification issues in the instant case, such as: (i) if and how the ascertainability requirement of Rule 23 can be met in food labeling cases; (ii) how to measure damages in food labeling cases, including whether various damage models are viable; (iii) whether there is a presumption of reliance on and materiality of food labels, and what standards apply to assess such a claim; and (iv) whether a plaintiff has standing to

6

NOTICE OF MOTION AND MOTION TO STAY;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT COSTCO WHOLESALE CORPORATION'S MOTION TO STAY
CASE NO. 5:12-CV-02908-BLF-PSG

assert Rule 23(b)(2) class claims for products she may not intend to purchase in the future. Since class certification is the critical and central aspect of this purported class action, justice will be best served by staying the case until after the three food-labeling cases before the Ninth Circuit are decided. Further, the summary judgment issue from *Brazil v. Dole* – about whether label statements such as "All Natural" can mislead a reasonable consumer – will provide guidance on arguments in this case. Indeed, the claims in the cases pending before the Ninth Circuit are the same claims as those at issue here, so the guidance from the Ninth Circuit will be particularly relevant for the instant matter.

This Court has also found that waiting for opinions in two of the three food labeling cases will promote the orderly course of justice. In a similar case regarding nutrient content claims, preservative claims, evaporated cane juice, and the use of alleged slack-fill packaging, where the same plaintiffs' lawyers here allege the same six causes of action as in the instant case, this Court concluded that the interest of justice weighs "heavily" in favor of a stay. *Leonhart*, 2015 WL 3548212, at *4 ("it cannot be disputed that guidance from the Ninth Circuit would aid in the orderly, just resolution of this case."). *Leonhart* is at a similar procedural stage as the instant matter ("nearly through the pleading stage"), so the interest of justice would be similarly served by a stay here. *Id.*

### B. The Parties Will Suffer Hardship Absent a Stay.

A stay of this case will also prevent the parties from spending time and resources on issues that will be resolved by the Ninth Circuit. Only limited discovery has been conducted in this case, so the next procedural step is for both parties to pursue discovery to build the factual record needed for class certification. The decisions in *Jones v. ConAgra*, *Brazil v. Dole*, and *Kosta v. Del Monte* may change applicable law and requirements for development of a factual record, which will help shape the theories and strategy that both sides pursue. Without a stay, the parties may later change their factual and legal theories for class certification (in light of Ninth Circuit controlling precedent) and need to adapt discovery necessary likely to present arguments. *See Pardini*, 2015 WL 1744340, at *2. This would require the Court to re-open discovery so that a party could re-depose key witnesses or re-brief its class certification papers. For example, if the Ninth Circuit concludes that a

7

particular damage model is more viable than another model, the parties may change their litigation strategy and re-conduct expert discovery accordingly. *Gustavson*, 2014 WL 6986421, at *3 (noting in a similar case that guidance from the Ninth Circuit would "be material" to a class certification motion and the *Jones v. ConAgra* decision would "prompt further briefing as to whether any certified class should be decertified, or whether a class should be newly certified."). And as with the first *Landis* factor, this Court recently concluded that "[t]he Court finds this argument [about hardship of the parties] to be persuasive" and supports the entry of stay. *Leonhart*, 2015 WL 3548212, at *4. Because the Ninth Circuit's guidance will prevent needless expense of time and resources, the Court should enter a stay in the instant case.

### C. Plaintiff Will Not Be Injured By a Stay.

A stay is also proper because it will not cause harm to Plaintiff Liddle, who does not oppose the relief requested.

### IV. CONCLUSION

For the reasons set forth above, Costco respectfully requests that the Court grant its motion to stay the case pending resolution of *Jones v. ConAgra*, *Brazil v. Dole*, and *Kosta v. Del Monte*. In the alternative, Costco acknowledges that *Kosta v. Del Monte* was appealed more recently and the other two cases are fully briefed, Costco respectfully requests that the Court grant its motion to stay the case pending resolution of *Jones v. ConAgra* and *Brazil v. Dole*. Plaintiff does not oppose either form of relief.

Dated: October 19, 2015          WINSTON & STRAWN LLP

                                 By:  /s/ *Amanda L. Groves*
                                      Amanda L. Groves
                                      Attorneys for Defendant
                                      COSTCO WHOLESALE CORPORATION