UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KAREN THOMAS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COSTCO WHOLESALE CORPORATION, <br><br> Defendant. | Case No. 12-cv-02908-BLF <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO STAY** <br><br> [Re: ECF 111] |

Before the Court is Defendant's motion to stay this action pending the Ninth Circuit's resolution of *Kosta v. Del Monte Foods, Inc.*, No. 15-16974 (9th Cir. Filed Oct. 2, 2015), *Brazil v. Dole Food Co., Inc.*, No. 14-17480 (9th Cir. Filed Dec. 17, 2014), and *Jones v. ConAgra Foods*, No. 14-16327 (9th Cir. Filed July 14, 2014). ECF 111. Plaintiff did not oppose the motion and waived her right to file an opposition. ECF 112 at 2. On October 23, 2015, the Court, finding this matter suitable for submission without oral argument, vacated the hearing pursuant to Civil L.R. 7-1(b). ECF 113. For the reasons discussed below, the Court GRANTS Defendant's motion to stay and VACATES the case management conference scheduled for November 5, 2015.

I. **BACKGROUND**

   A. **Factual Background**

The parties have gone through several rounds of motions to dismiss, amendments to

Plaintiff's complaint, and a partial summary judgment motion. Accordingly, the background facts are familiar to the Court and the parties so they will not be recited in detail here. *See generally* Dismissal Order, ECF No. 83. Plaintiff Liddle is a California consumer who alleges that she purchased eight of Defendant's Kirkland Signature food products: (1) Whole Dried Blueberries, (2) Cashew Clusters with Almonds and Pumpkin Seeds, (3) Organic Chocolate Reduced Fat Milk, (4) Canola Oil Cooking Spray, (5) Newman's Own 100% Grape Juice, (6) Real Sliced Fruit—Fuji Apple, Strawberry Banana, and Fuji Apple with Cinnamon, (7) Boathouse Farms Organic 100% Carrot Juice, and (8) Ancient Grains Granola with Almonds. Third Am. Compl. ¶¶ 2a–2h, ECF No. 84. Plaintiff brought suit contending that these products are unlawfully mislabeled. *See id.* at ¶ 5.

### B. Procedural Background

Plaintiff brought this action on June 5, 2012. ECF 1. Between September 9, 2012 and November 12, 2014, the parties went through several motions to dismiss and amendments to Plaintiff's complaint. *See* ECF 13 (motion to dismiss complaint), 24 (first amended complaint), 40 (motion to dismiss first amended complaint), 58 (order on motion to dismiss first amended complaint), 60 (second amended complaint), 68 (motion to dismiss and strike the second amended complaint), 70 (amended motion to dismiss and strike the second amended complaint), 83 (order on motion to dismiss second amended complaint), 84 (third amended complaint), 89 (motion to strike and dismiss third amended complaint), 101 (order on motion to strike and dismiss third amended complaint).

Defendant's motion to strike and dismiss the third amended complaint included a motion for partial summary judgment. ECF 89. The Court deferred ruling on the motion for partial summary judgment to allow the parties to engage in limited discovery. ECF 101. The Court denied Defendant's motion for partial summary judgment on August 13, 2015. ECF 109. Defendant filed this motion on October 19, 2015. ECF 111.

### C. The Cases Pending Before the Ninth Circuit

#### i. *Jones v. ConAgra*

*Jones* claimed various products include false and misleading label statements, such as

2

nutrient content claims, claims about antioxidant content, "preservative-free" claims, and synthetic chemical content omissions and alleged causes of action for unlawful, unfair, and fraudulent business acts and practices, in violation of Business and Professions Code § 17200, *et seq.*, misleading, deceptive, and untrue advertising in violation of Business and Professions Code § 17500, *et seq.*, and violation of the Consumers Legal Remedies Act, Cal. Civil Code § 1750, *et seq.* No. 12-CV-01633-CRB, ECF 95 (N.D. Cal. Jan. 15, 2013). The plaintiffs filed motions for class certification which were denied in June 2014. No. 12-CV-01633-CRB, 2014 WL 2702726, at *10 (N.D. Cal. June 13, 2014). The motions were denied because the class was not ascertainable because products and labels changed over time, *id.* at *8-12, individual questions predominated over common questions, *id.* at *14-19, the proposed damages models failed, *id.* at *19-23, and he plaintiffs did not have standing for a Rule 23(b)(2) class because they did not intend to purchase the products in the future, *id.* at *12-14. On July 7, 2014, the parties stipulated to dismiss the case so that the plaintiffs could appeal the order denying class certification. No. 12-CV-01633-CRB, ECF 231 (N.D. Cal. July 7, 2014); *see also* No. 14-16327 (9th Cir. filed July 14, 2014). As of November 2, 2015, the appeal is fully briefed, but oral argument has not been scheduled.

   ii. *Brazil v. Dole*

In *Brazil*, the plaintiff contended that various food products, namely frozen fruit and fruit cups, were false and misleading because of statements on the product labels such as claims of being "all natural" and alleged causes of action for unlawful, unfair, and fraudulent business acts and practices, in violation of Business and Professions Code § 17200, *et seq.*, misleading, deceptive, and untrue advertising in violation of Business and Professions Code § 17500, *et seq.*, and violation of the Consumers Legal Remedies Act, Cal. Civil Code § 1750, *et seq.* No. 12-CV-01831-LHK, ECF 148 (N.D. Cal. June 12, 2014). The plaintiff filed a motion for class certification, and a damages class was initially certified. No. 12-CV-01831-LHK, 2014 WL 2466559, at *6, *9. On November 6, 2014, the damages class was decertified because the regression analysis failed to control for variables affecting price. No. 12-CV-01831-LHK, 2014 WL 5794873, at *11-14 (N.D. Cal. Nov. 6, 2014). On December 8, 2014, defendant was granted

3

summary judgment because plaintiff failed to offer sufficient evidence to support his claims. No. 12-CV-01831-LHK, 2014 WL 6901867, at *6-8 (N.D. Cal. Dec. 8, 2014). On December 17, 2014, plaintiff appealed the decertification order, summary judgment order, and rulings on two motions to dismiss. *See* No. 5:12-cv-01831, ECF 244 (N.D. Cal.); No. 14-17480, ECF 1 (9th Cir. appeal filed Dec. 17, 2014). As of November 2, 2015, the appeal is fully briefed, but oral argument has not been scheduled.

### iii.   *Kosta v. Del Monte*

In *Kosta*, the plaintiffs claim that labels on canned tomato products, vegetable products, and fruit products were false and misleading in connection with nutrient content and antioxidant claims, and failing to disclose preservatives and chemical content. No. 4:12-CV-01722-YGR, ECF 96 (N.D. Cal. June 11, 2013). The plaintiffs alleged the same six causes of action as the other cases on appeal. *Id*. Plaintiffs filed a motion for class certification which was denied without prejudice. No. 4:12-CV-01722-YGR, ECF 174 (N.D. Cal. Nov. 10, 2014). Plaintiffs filed another class certification motion which was also denied because the class was not ascertainable and the plaintiffs failed to demonstrate common issues of law and fact. No. 4:12-CV-01722-YGR, ECF 211 (N.D. Cal. July 30, 2015). On October 2, 2015, the plaintiffs appealed. *See* No. 4:12-CV-01722, ECF 215 (N.D. Cal.); No. 15-16974, ECF 1 (9th Cir. appeal filed Oct. 2, 2015). As of November 2, 2015, this case has not been fully briefed.

## II.   LEGAL STANDARD

"Granting a motion to stay is within the sound discretion of the Court." *Fuller v. Amerigas Propane, Inc.*, No. C 09-2493TEH, 2009 WL 2390358, at *1 (N.D. Cal. Aug. 3, 2009). The power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (internal quotation marks omitted))).

"In considering whether a stay is appropriate, the Court weighs three factors: [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in

4

terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *See Gustavson v. Mars, Inc.*, Case No. 13-cv-04537-LHK, 2014 WL 6986421, at *2 (N.D. Cal. Dec. 10, 2014) (internal quotation marks and citation omitted) (brackets in original). These factors are drawn from the Supreme Corut's decision in *Landis v. North American Co.*, 299 U.S. 248 (1936). *Id.*

### III. DISCUSSION

The first factor considers the possible damage which may result from granting a stay. In this action, a stay will not cause harm to Plaintiff because Plaintiff does not oppose Defendant's motion. *See* Def.'s Mot. at 8, ECF 111. This factor weighs in favor of a stay.

With respect to the second factor, the hardship a party may suffer absent a stay, Defendant argues that both parties would be in danger of needlessly spending time and resources on issues that may later change when the Ninth Circuit issues its decisions in *Jones, Brazil,* and *Kosta*. *See* Def.'s Mot. at 7-8, ECF 111. The Court finds this argument to be persuasive, as have other courts within this district that have stayed food labeling cases pending disposition of *Jones*, *Brazil*, and *Kosta*. *See, e.g.,* Order Granting Motion to Stay, *Park v. Welch Foods Inc.*, 12-cv-06449-PSG, ECF 77 (N.D. Cal. Oct. 22, 2015). Accordingly, this factor weighs in favor of a stay.

Finally, the third factor considers whether the stay would simplify issues, proof, and questions of law. Given the overlap between this action and the issues in *Kosta*, *Brazil*, and *Jones*, "guidance from the Ninth Circuit will aid in the orderly, just resolution of this case." *Leonhart v. Nature's Path Foods, Inc.*, Case No. 13-cv-00492-BLF, 2015 WL 3548212, at *4 (N.D. Cal. June 5, 2015). The claims in the cases pending before the Ninth Circuit are the same claims as those at issue here, so the guidance from the Ninth Circuit will be particularly relevant. The Ninth Circuit's decisions in *Jones*, *Brazil*, and *Kosta* are likely to provide substantial guidance on issues material to the class certification issues in the instant case. Further, the summary judgment issue from *Brazil* – about whether label statements such as "all natural" can mislead a reasonable consumer – will provide guidance on arguments in this case. Thus, this factor heavily weighs in favor of a stay.

IV. **ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Defendant's motion to stay is GRANTED.

(2) The case management conference scheduled for November 5, 2015 is VACATED.

(3) The parties provide the Court notice in a joint submission when the Ninth Circuit has issued its opinions in *Kosta*, *Brazil*, and *Jones*.

**IT IS SO ORDERED.**

Dated: November 2, 2015

_____
BETH LABSON FREEMAN
United States District Judge